## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON                    )
    Plaintiff                        )
                                     )
vs.                                  )          C.A.No. 04-257 Erie
                                     )          District Judge McLaughlin
UNITED STATES OF AMERICA             )          Magistrate Judge Baxter
    Defendants.                      )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I        RECOMMENDATION**

_____It is respectfully recommended that the instant civil rights action be dismissed due to plaintiff's failure to prosecute.


**II        REPORT**

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution at Allenwood, Pennsylvania, filed this civil action on September 13, 2004.

By Order of this Court dated February 24, 2005, case management deadlines were issued.  Document # 11.  Plaintiff's pre-trial statement was due on May 20, 2005.

By Order of this Court dated July 26, 2005, Plaintiff was directed to show cause before August 10, 2005, for his failure to file his pre-trial statement. Plaintiff was warned that failure to comply would result in the dismissal of this case for failure to prosecute.  To date, Plaintiff has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  <u>Poulis v. State Farm Fire and Casualty Co.,</u> 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4)

1

whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case - this case cannot proceed until Plaintiff files his pre-trial statement. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine from an illegible complaint at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: August 11, 2005

2