UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON,  :
 :
    Plaintiff,  :
 :
-vs-  :
 :
UNITED STATES OF AMERICA,  :
 :
    Defendant.  :   CIVIL ACTION #04-257E
 :
 :   JUDGE: McLaughlin
 :

## NARRATIVE STATEMENT OF FACTS TO BE ADDUCED BY ORAL AND DOCUMENTARY EVIDENCE AT TRIAL IN THE ABOVE CAPTIONED CAUSE

    1.    NOW COMES Sadrick Donaldson, Pro Se (Plaintiff); and hereby respectfully submits his Narrative Statement of Facts that will be offered at Trial through Oral and Documentary Evidence. Same is done by the date Ordered and Enlarged by Plaintiff's timely filed and unopposed Motion (DE #15). To wit, August 18, 2005. See: Certificate of Service, infra, and houston v. Lack, 487 US 266 (1988) (holding inmate pleading surrendered to the prison officials by the due date is timely "filed").

    2.    Plaintiff makes the instant proffer to the court in a good faith effort to continue to move his cause forward. But, as noticed below, there is, Plaintiff believes, adequate materials to place this cause before the court for Trial. Though there may be additional pleadings before the actual commencement.

## DISCUSSION

3.  As a preliminary note, Plaintiff incorporates, as if set forth fully herein, his Statement of Material Facts of the Complaint as filed with the court. (DE #4, ¶¶ 4-26). Thereat Plaintiff has set forth the basis for his Complaint and the Facts which constitute his cause of action in federal court. All of same, and that set forth below will be testified to by Plaintiff at Trial.

4.  Plaintiff also incorporates his First Exhibit List and his First Witness List; filed contemporaneously herewith. These Lists may require supplementing in order to fully prosecute the present cause -- and Plaintiff will promptly plead same should it become necessary.

5.  The testimony of Lt. Mark Chiodo, Special Investigative Services (Lt. Chiodo), who placed Plaintiff in the Special Housing Unit (SHU) on November 12, 2002, will show that Plaintiff's Administrative Detention (AD) is/was for Plaintiff's personal safety. And not only was this so because he was provided this information from others -- but that Plaintiff informed Lt. Chiodo of the threat personally. (At that time).

6.  And the testimony will also show that Plaintiff specifically identified the inmate who posed the threat to Plaintiff. To wit, Eric Drayton.

7.  Witness Gary Buck, Counselor, and Charles Kindervator, Case Management Coordinator, will give testimony that they interviewed Plaintiff after his SHU placement. During said interview they

2

will relay that they were informed of the threat to Plaintiff and that they were informed of inmate Eric Drayton's name.

8. Their testimony will include that Plaintiff explained how fearful he was and the extent of danger to him. In fact, they will be able to inform the court that Plaintiff feared for his life.

9. As well as being able to relay my own admissions to them, Mr. Buck and Mr. Kindervator will also be able to testify as to my cell-partner Lester Wilkerson having told them of the events which led to my seeking protective custody. Which will be proof to the court of the extended period of fear prior to my AD and that numerous staff were clearly noticed of the danger inmate Drayton prosed to me. See: Buck Response, Ex. A, ¶___.

10. Next, the S.I.S. Lt. Chiodo and Dr. Rianheart, Psychology Department, will also be able to testify that they interviewed me in relation to my protective custody. And they will also be able to tell the court that Plaintiff also told them of the harassment by, and fear of, inmate Drayton by Plaintiff.

11. In fact, Plaintiff signed a statement of this for the S.I.S. Lt. Chiodo for the file.

12. Officer Winston will be able to testify to the court that he was working SHU and was the officer who received my request to be separated from inmate Drayton; after he was placed in my cell. This even though he was the reason for Plaintiff having been placed in the SHU. See: Buck Response, Ex. A, ¶¶4-5.

13. Inmate Eddie Winsand (-007) can testify that while he was Plaintiff's cell-partner in SHU, he witnessed Plaintiff

tell Lt. Chiodo, S.I.S., that he feared for his life from inmate Drayton and that he believed Drayton is crazy and would try to harm him.

14. Officer Donald Nero will testify that on December 19, 2002, that he attempted to move Plaintiff from SHU and have him returned to the compound. But he will state Plaintiff refused the assignment and he issued an Incident Report (IR). Officer Nero will also testify, as memoralized in the IR (See: Ex. _B_); that Plaintiff relayed his fear of inmate Drayton and his fellow D.C. inmates.

15. Counselor Buck and T. Holt will testify that on December 20, 2002, that they held Plaintiff's Unit Disciplinary Committee (UDC) for the IR of December 19, 2002. At said UDC, they will testify that Plaintiff again informed them of his fear of, and the danger from, inmate Drayton. See: IR, Ex. _B, box 11_; and Buck Response, Ex. _A, ¶5_.

16. They will also testify that they referred Plaintiff's IR to the Disciplinary Hearing Officer (DHO) who ultimately found Plaintiff guilty and sanctioned him for refusing an assignment to the compound. All of this merely for Plaintiff's seeking protection from the Bureau of Prisons (BOP) employees from a verified threat.

17. Lt. Chiodo, S.I.S., will also be able to testify that inmate Drayton was also in the SHU; and that the placement was for being a threat to Plaintiff. In fact, witnesses Rodney Moore, Case Manager; Donald Reich, Captain; and Cindy Billisits, Associate Warden of Programs; will be able to testify as to

Plaintiff's protective custody and the reason for same. <u>See:</u> Buck Response, Ex. A, ¶10.

18. Witnesses Buck, Lt. Chiodo, Kindervator, Captain Reich adn others will all testify that Plaintiff was, on February 12, 2003, again pressured to return to the compound. This was based on the fact that Plaintiff would not be in danger as inmate Drayton was in the SHU.

19. Plaintiff ultimately agreed and did not wish to be given another IR -- as same would result in his prison stay would be extended -- because of staff negligence. Plaintiff will enter evidence that the staff/witnesses are trained and there is BOP Policy on protecting inmates from other inmates violence.

20. Witnesses inmates Michael Windbush and Lester Wilkerson will testify that they accompanied Plaintiff to inform Counselor Buck that inmate Drayton (after his release from SHU) was harassing Plaintiff since his release from SHU. And witness Buck will testify that this information caused him to have a memorandum with inmate Drayton's picture posted in the officer's officer. Specifically noticing officers to closely monitor inmate movement into the housing unit to prevent inmates from other unites from entering unit BB. <u>See:</u> Buck Response, Ex. A, ¶8.

21. Plaintiff and inmate witnesses Brandon Blanton, Forest Coleman (#10368-055); Roger Dawson (#11403-007); Howard Simthson (#06928-068); and Wayne Higgins (#05291-026): will all testify that inmate Drayton harassed Plaintiff on numerous occasions throughout the time until the assault on Plaintiff of August 29, 2003. Also, witnesses Officers Dorian, Trann and Super

5

will all testify that inmate Drayton came to unit BB and harassed Plaintiff.

22. Witnesses Lt. Pfister, W. Young, LIE, P.A. Judy Glenn, R. Corbett, LIE, Lt. G. Cooper, Officer Brinker, S. Nicholson, C. Strade, Ed. Tec., M. Argicola, Teacher: will testify that inmate Drayton assaulted Plaintiff in the Education Department on August 29, 2003. Said assault consisted of throwing a hot liquid chemical mixture in Plaintiff's face, which contained by directive of the Northeast Regional Director. See: Ex. D, SIS Memorandum.

23. Witnesses D. Olson, M.D., Medical Director, and P.A. Glenn will testify that Plaintiff suffered chemical burns to his face, hair, shoulders and eyes. See: Ex. C, BOP Medical Records.

24. Plaintiff is still scarred and has ongoing eye complications which cause him to wear glasses. See: Ex. C, Medical Records. Plaintiff also suffered post-traumatic stress syndrome and suffers anxiety when he is around his assailant's fellow prisoners from D.C. Plaintiff has no idea when he may be placed in harms way by being put in reach of his previous assailant. See: Ex. C, Medical Records.

25. Part of the testimony from Donald Reich, Captain, as well as others, will be as to the BOP Policies for dealing with inmate-on-inmate violence. This will include the fact that the BOP has extensive policy to deal with this type of danger. Both before, during and after an assault.

26. The testimony of the Captain (and others) will also

cover the training that staff receive to understand and implement those testimony and Exhibits, will show that the staff at FCI McKean, both severally and jointly, were negligent in not exercising proper care in their duties to Plaintiff.

27. Or, at a minimum, the administration were negligent by way of not assuring staff were adequately and properly trained in the Policy and how to implement same. Again making the United States liable to Plaintiff for his injuries by easily meeting the preponderance of evidence for same.

                                        Respectfully Submitted,

                                        /s/ Sadrick Donaldson
                                        Sadrick Donaldson, Pro Se
                                        Fed. Reg. No. 20120-018
                                        FCI Allenwood (Medium)
                                        P.O. Box 2000, 4-B
                                        White Deer, PA 17887-2000

## DECLARATION

I, Sadrick Donaldson, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 18th day of August, 2005.

*/s/ Sadrick Donaldson*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000


## CERTIFICATE OF SERVICE

I, Sadrick Donaldson, hereby certify that a true and correct copy of the foregoing pleading and accompanying Declaration were served, by first-class postage prepaid surrender to the prison officials, this 18th day of August, 2005, to:

1. Clerk of the Court
   W.D. of PA
   617 State Street
   Erie, PA 16501

2. Pual Skitcher
   Asst. U.S. Attorney
   Western District of PA

*/s/ Sadrick Donaldson*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON,           :
                             :
        Plaintiff,           :
                             :
                             :
    -vs-                     :
                             :
                             :
UNITED STATES OF AMERICA,    :
                             :
        Defendant.           :   CIVIL ACTION #04-257E
                             :
                             :   JUDGE: McLaughlin
                             :

## PLAINTIFF'S FIRST WITNESS LIST

As a preliminary note, Plaintiff knew all of the Witnesses listed below at the time he was incarcerated at the Federal Correctional Institute, McKean (FCI McKean). As such, the last known address for may of the Witnesses is at FCI McKean. To wit:

    FCI McKean
    P.O. Box
    McKean, PA

| | WITNESS' NAME | POSITION |
|---|---|---|
| 1. | DONALD REICH | CAPTAIN |
| 2. | CHARLES KINDERVATOR | CASE MANAGEMENT COORDINATOR |
| 3. | CINDY BILLISITS | ASSOCIATE WARDEN, PROGRAMS |
| 4. | RODNEY MOORE | CASE MANAGER |
| 5. | GRAY BUCK | CORRECTIONAL COUNSELOR |
| 6. | MARK CHIODO, LT. | SPECIAL INVESTIGATIVE SERVICES |
| 7. | DONALD NERO | CORRECTIONAL OFFICER |

contdinued on next page...

| | | |
|---|---|---|
| 8. | DR. RAINHEART | PSYCHOLOGY DEPARTMENT |
| 9. | T. HOLT | CORRECTIONAL COUNSELOR |
| 10. | D. OLSON, M.D. | MEDICAL DIRECTOR |
| 11. | FNU WINSTON | CORRECTIONAL OFFICER |
| 12. | FNU DOMAIN | CORRECTIONAL OFFICER |
| 13. | FNU TRANN | CORRECTIONAL OFFICER |
| 14. | FNU SUPER | CORRECTIONAL OFFICER |

| | WITNESS' NAME | INMATE NUMBER |
|---|---|---|
| 15. | EDDIE WINDSAND | -007 |
| 16. | MICHAEL WINDBUSH | |
| 17. | LESTER WILKERSON | |
| 18. | BRANDON BLANTON | |
| 19. | ROGER DAWSON | 11403-007 |
| 20. | HOWARD SIMTHSON | 06928-068 |
| 21. | WAYNE HIGGINS | 05291-026 |

### INMATE WITNESSES RELEASED FROM PRISON

| | | |
|---|---|---|
| 22. | FOREST COLEMAN<br>225 ORLEAN<br>BUFFALO, NY 14215 | 10368-055 |
| 23. | RAHIEEN BERRY<br>20482 ARDMORE<br>DETROIT, MI 48235 | |

| | WITNESS' NAME | POSITION |
|---|---|---|
| 24. | LT. PFISTER | |
| 25. | W. YOUNG | LIE |
| 26. | JUDY GLENN | PHYSICIAN ASSISTANT |
| 27. | R. CORBETT | LIE |

2   continued on next page...

| | | |
|---|---|---|
| 28. | G. COOPER | LT. |
| 29. | FNU BRINKER | CORRECTIONAL OFFICER |
| 30. | S. NICHOLSON | TEACHER |
| 31. | C. STRADE | EDUCATION TECHNICIAN |
| 32. | M. ARGICOLA | TEACHER |
| 33. | D. OLSON, M.D. | MEDICAL DIRECTOR |

## DECLARATION

I, Sadrick Donaldson, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 18th day of August, 2005.

*Sadrick Donaldson*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I, Sadrick Donaldson, hereby certify that a true and correct copy of the foregoing pleading and accompanying Declaration were served, by first-class postage prepaid surrender to the prison officials, this 18th day of August, 2005, to:

1. Clerk of the Court
   W.D. of PA
   617 State Street
   Erie, PA 16501

2. Pual Skitcher
   Asst. U.S. Attorney
   Western District of PA

*Sadrick Donaldson*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON,          :
                            :
        Plaintiff,          :
                            :
                            :
    -vs-                    :
                            :
                            :
UNITED STATES OF AMERICA,   :
                            :
        Defendant.          :   CIVIL ACTION #04-257E
                            :
                            :   JUDGE: McLaughlin
                            :

## PLAINTIFF'S FIRST EXHIBIT LIST

NOW COMES Sadrick Donaldson, Pro Se (Plaintiff); and hereby respectfully submits his First Exhibit List of the Documents that he will produce at Trial. Plaintiff also notices the court that should additional Exhibits become available to Plaintiff and deemed relevant to the inquiry, he will promptly notify the court with a supplement to this List.

|    | DESCRIPTION | PAGES |
|----|-------------|-------|
| A. | BUCK RESPONSE TO INTERROGATORIES | 4 |
| B. | INCIDENT REPORT AND DHO REPORT | 2 |
| C. | PLAINTIFF'S BOP MEDICAL RECORDS | 25 |
| D. | SPECIAL INVESTIGATIVE SERVICES REPORT | 4 |
| E. | REQUEST FOR PROTECTIVE CUSTODY | 3 |
| F. | BOP POLICY ON INMATE-ON-INMATE VIOLENCE | 6 |
| G. | BOP POLICY ON INMATE RIGHTS AND RESPONSIBILITIES | 5 |

## DECLARATION

I, Sadrick Donaldson, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 18th day of August, 2005.

*[signature]*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I, Sadrick Donaldson, hereby certify that a true and correct copy of the foregoing pleading and accompanying Declaration were served, by first-class postage prepaid surrender to the prison officials, this 18th day of August, 2005, to:

1. Clerk of the Court
   W.D. of PA
   617 State Street
   Erie, PA 16501

2. Pual Skitcher
   Asst. U.S. Attorney
   Western District of PA

*[signature]*
Sadrick Donaldson, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000