UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON,  :
:
    Plaintiff,  :
:
-vs-  :
:
UNITED STATES OF AMERICA,  :
:
    Defendant.  :  CIVIL ACTION #04-257E
:
:  JUDGE: MCLAUGHLIN
:

## OBJECTIONS TO:

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    1.    NOW COMES Sadrick Donaldson, Pro Se (Plaintiff); and hereby respectfully submits his Objections to Magistrate Judge Baxter's Report and Recommendation: wherein Judge Baxter recommends the dismissal of Plaintiff's above captioned cause.

    2.    As set forth below, not only is Magistrate Judge Baxter being premature in the Report and Recommendation (R&R), the recommending of the dismissing of the cause is extreme and unwarranted at this early stage. Especially as Plaintiff has been patiently waiting for response(s) from the counsel for the government to respond to requests for materials.

## JURISDICTION

    3.    Plaintiff respectfully directs this Honorable Court

to 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.a.4B. i.e. R&R at 2, Conclusion. To wit, not only are the Objections statutorily permissible, but are specifically allowed by Order of this court.

## PROCEDURAL BACKGROUND

4. As a preliminary note, magistrate Judge Baxter does not set forth in the R&R that Plaintiff had filed a timely Motion for Enlargement of the Time set in the "court's Order of February 24, 2005." To wit, DE #15. Nor does/did Judge Baxter dispose of same to date. This even though according to the Local Rules of the court it is unopposed and should have been ruled on months ago.

5. Second, Plaintiff did "file" his Show of Cause with the court "before August 10, 2005." To wit, Plaintiff surrendered his Show of Cause to the prison officials on August 9, 2005. See: Declaration, infra, and Certificate of Service to Show of Cause, dated August 9, 2005.

6. Third Plaintiff has filed, in a timely manner within the enlarged time to do so, his pleadings to comply with Judge Baxter's Order of Februaru 24, 2005.

7. Fourth, Plaintiff is still attempting to retrieve/discover evidence to prosecute his Cause. And he has diligently made every effort to stay timely before the court.

8. In this vein, Plaintiff has received Magistrate Judge Baxter's R&R on August 15, 2005 (see: Declaration, infra);

which follows the normal Federal Rules of Civil Procedure, Rule 6(e) for service by mail. To wit, "service" on incarcerated prisoners is considered completed on the third business day.

9. Finally, as set forth more fully below, Plaintiff timely files the instant pleading within the "allotted ten (10) days from the date of **service** ...." To wit, on or before August 29, 2005. See: Certificate of Service, infra.

## DISCUSSION

10. Plaintiff will undertake an analysis as cited to by Judge Baxter from the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). And Plaintiff now addresses the six (6) points found to be relevant to the dismissing of a complaint, affectionately referred to by the Third Circuit (CA3) as a "balancing test."

11. ONE: "the extent of the party's personal responsibility" Plaintiff will admit that he is clearly central to the one to be singled out as the responsible party for the present cause. He is proceeding pro se and is the one who instigated the cause.

12. But this factor should not weigh against Plaintiff as he should be afforded a greater latitude to prosecute his cause. See: Haines v. Kerner, 404 U.S. 519 (1972). However, Plaintiff is not citing to the Supreme Court in order to be sanctioned for a carte blanche to "do as he wills." Just to be afforded an appropriate latitude to prosecute his cause

within the Federal Rules of Civil Procedure.

13.  In fact, as set forth above in the Procedural Background, Plaintiff has made every effort to be forth-right and to faithfully prosecute his cause before the court.  And he has made plentiful use of the Rules of Civil Procedure and Local Rules of the Court.  As such, he has shown an adequate measure of responsibility in prosecuting the instant cause.

14.  TWO: "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;" Plaintiff has not failed to meet any deadlines.  In fact, the court itself has not acted in good faith to dispose of his pending Motion (DE #15).  Especially the deadline for the filing of his Show of Cause, as it was filed one day before it was due.  See: Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading "filed" within the meaning of the federal rules on the date surrendered to prison officials).

15.  But as to any possible prejudice which could possibly be perceived to have been wrought on the Defendant -- it must be remembered that the Defendant has not filed any objection(s) to the Motion to Enlarge the Time(s) of the Order of 02/24/05.  So if there is to be any prejudice, the opposing party clearly has ample opportunity to go on the record to place same before the court.  So no prejudice should be presumed merely because Plaintiff has properly requested an Enlargement of Time, and now timely filed his court ordered pleadings within same.

16.  THIRD: "a history of dilatoriness;" Plaintiff has not, to date, filed an pleadings late with the court.  And

he has not repeatedly sought extensions and/or enlargments in anything which could remotely be characterized as dilatory. There is just nothing in the Record of the instant cause which would cause this point to be held against Plaintiff.

17.   FOURTH: "whether the conduct of the party or attorney was willful or in bad faith;" Again, there is nothing in the Record which could be said to be done in bad faith. Merely seeking extension(s) in order to comply with court orders is not "out-of-the-ordinary." Nor is it bad faith to do so or to file things with the court at or on the due date.

18.   It is a common practice for attorneys to use all of the allotted time form the courts. And for a pro se plaintiff to do so is easily understandable -- if it takes an attorney schooled in the law that much time, it is not hard to believe that a pro se indigent inmate litigant would need all of the time -- or possibly even an extension.

19.   FIFTH: "the effectiveness of sanctions other than dismissal;" Plaintiff agrees that monetarily sanctioning him would not necessarily be a great inducement to prosecute his cause in a certain manner. However, he does dispute that any perceived variance (though he does not in any way concede or waive any objection to same) is merely an illusion.

20.   In fact, as set forth in the above Procedural Background, there is not any such variance within the federal realm of pleading as set forth by the Federal Rules of Civil Procedure. And because of this there is no sanctions warranted -- much less that of dismissing his cause for want of prosecution or for employing

5

dilatory tactics to prosecute his cause.

21. SIXTH: "meritoriousness of the claim or defense." Here, as acquiesced to by Judge Baxter, "Plaintiff's allegations could state a claim upon which relief could be (sic) ultimately be granted, ...." But Judge Baxter relies on a misconceived preception that Plaintiff has somehow failed to prosecute his cause as presently pending before the court.

22. Again, Plaintiff has adequately shown the err of Judge Baxter's findings and that said findings are clearly disputed by the Recod of the present cause. Moreover, as the Record will also show, Plaintiff has filed the Ordered pre-trial pleadings and the Defendant is now set to file their pleadings in compliance with the court's 02/24/05 Order. So the case sub judice is presently within the acceptable timing of the Federal Rules and there is nothing that is reason for the dismissing of Plaintiff's cause at this time. Plaintiff has taken the necessary first steps to prosecute his case.

23. One final note as to the overall findings and ruling in Judge Baxter's R&R of August 11, 2005; is that there is a reference to the fact that Plaintiff has filed "an illegible complaint" to the court. Plaintiff will go on the Record as objecting to this type of characterization of his presently lodged Complaint against the Defendant United States of America.

24. The Complaint, as presently pending before the court, is completely in compliance with any and all the formatting rules of the Federal Rules of Civil Procedure and the Local Rules of the court. Moreover, it is adequately and correctly

set forth in a manner which is easily understood and clearly states a Claim for which Plaintiff is due damages.

25.  A closing note, Plaintiff would like to apprize the court that the due date for the instant pleading is August 29, 2005.  This is calculated by the Federal Rules of Civil Procedure wherein it is set forth that any time period which is eleven (11) days or less, the weekends and holidays are not counted.  So the ten (10) days to file these Objections is August 29, 2005.

26.  Also, it should also be noted that Judge Baxter has filed the R&R based on the wrong assumption that Plaintiff had to have his Show of Cause at the court on or before August 10, 2005.  This is not so.  Plaintiff's pleading had to be surrendered to the prison officials on or before August 10, 2005.  See: Houston, supra.  And because of the "service" by mail, three (3) days are added to the due date.  See: FRCvP, R. 6(e).  Plaintiff's filing was timely filed and should have been accepted by the court as such.  But Judge Baxter prematurely made a finding which, again, is not supported and directly disputed by the Record.

27.  Plaintiff would seek this court forwarding a copy of any rules which Judge Baxter uses which would allow for the calculation as done by Judge Baxter.  And also would request that a different Magistrate Judge be assigned and/or the case be handled directly by the District Judge.

28.  Wherewithal, Plaintiff respectfully seeks Judge Mclaughlin to Reject the Report and Recommendation as submitted by Judge Baxter in its entirety.

## DECLARATION

I, Sadrick Donaldson, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 25th day of August, 2005.

*Sadrick Donaldson*, Pro Se
Fed. reg. No. 20120-018
FCI Allenwood (Med)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I, Sadrick Donaldson, hereby certify that a true and correct copy of the foregoing pleading and accompanying Declaration were served, by first-class postage prepaid placement in the institutional legal mailbox, this 25th day of August, 2005, to:

1. Clerk of the Court
   U.S.D.C. for W.D. PA
   17 South Park Row, Rm. A280
   Erie, PA 16501

2. Paul Skirtich
   Asst. U.S. Attorney
   700 Grant Street
   Pittsburgh, PA 15219

*Sadrick Donaldson*, Pro Se
Fed. Reg. No. 20120-018
FCI Allenwood (med)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000