IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADRICK DONALDSON | Civil Action |
| Plaintiff, | Case No. 04-257 Erie |
| | Dist. Judge MCLAUGHLIN |
| | Mag. Judge BAXTER |
| v. | |
| UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

### Plaintiff's Second Request For Production of Documents Order Compelling Disclosure or Disco[very]

Plaintiff filed motion for discovery of certains documents material to his claim. That motion was filed in this honorable court on or about March 11, 2005. Defendants did comply with the discovery motion by releasing limited discovery. However, plaintiff are in dire need of the documents identified in this motion. Plaintiff hereby declare that without the documents he could not fully develop his evidence for his upcoming civil trial, or in the event that said case is dismissed by the district court, perfect an effective appeal complete with documented evidence which is inclusive of the documents mention herein.



## JURISDICTION

3. **(a) Motion For Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

   ...

   **(2) Motion.**
   **(A)** If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

   ...

   **(3) Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

   ...

   **(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
   **(2)** If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and it the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees....

Federal Rules of Civil Procedure, Rule 37. (F.R.Cv.Proc.)

## PROCEDURAL BACKGROUND

4. Presently pending before the court is the above captioned cause of action brought by the Plaintiff against the Untied States of America for the negligence of its employees. To wit,

2

employees of the Federal Bureau of Prisons (BOP) wherein Plaintiff is presently incarcerated purusant to a judgement of a United States District Court.

5. There have been a number of procedural pleadings filed in the instant cause. Presently Plaintiff has pending his Pretrial Statements addressed to the court and is awaiting the setting of a Trial date.

6. Part of the Pretrial Statements is the evidnece and Exhibits that are to be adduced at Trial. Much of which is based on the discovery and admissions provided by the United States; which are pursuant to Document Requests, Interrogatories and Requests for Admissions filed on same by Plaintiff.

7. To date Plaintiff has received partial responses to some of the above listed requests and total disregard to others by the Defendant. Because of this, and the fact that a Trial date is imminent, Plaintiff is forced to seek the court's assistance in having responses to his requests forward without further delay.

## DISCUSSION

8. As a preliminary note, Plaintiff has attached to this pleading copies of the relevant materials which were served upon the Defendant seeking Discovery. And would also seek the court's recognition of the fact that Discovery has closed and court Ordered filing dates, with extensions, has expired for Plaintiff to file his Pretrial Statements. (As has the

time limitations for the Defendant to file its Pretrial Statmenents).

9.  Plaintiff has requested materials which he deems relevant and necessary to prosecute his cause in the court in the above referenced Requests served on the Defendant and/or its attorney of Record.  To wit, Paul Skitrich, Assistant United States Attorney (AUSA).  And he has received a number of Documents which are responsive to his Resquests; though he has not received all those requested.

10. And the additional Documents are not shown or alleged to be protected in some way by privilege.  Which would allow for Plaintiff to undertake review of such a defense and proceed accordingly.  As such, Plaintiff respectfully seeks the court to accept the Document Request(s) as served on the Defendant and attached to this pleading as Exhibit A as proof of his Request.

11. And in support of not receiving all the Documents which are/were requested, Plaintiff has attached an Affidavit which sets forth the materials that were requested and not received from the AUSA.  See: Exhibit B.

12. Additionally, Plaintiff also sets forth in the Exhibit B how the materials requested, and now sought to be compelled, will assist the court in the resolution of the present cause.  And Plaintiff relies on same and references same as if set forth fully herein.  But by the very nature of the Documents and the materials inherently included in them by title and/or description -- it is patenetly apparent to the court why they are, or will be, relevant to the determination of guilt in the present action.

13. Because of this, Plaintiff deems that this court does

require an extended argument for the necessity of the court compelling the Defendant to produce the materials requested. The Federal Rules are explicit and are not ambiguous in the proscription that the Defendant has a duty to honor a Plaintiff's Request such as presently awaiting.

14. Moreover, the Defendant should have, by now, secured the materials requested had they not been available before. And pursuant to the F.R.Cv.Proc., should have made a disclosure on the fact that they are mandated to make subsequent disclosure(s) if need be when materials are found or discovered. See: F.R.Cv.Proc., Rule 26.

15. Next, Plaintiff has also made Requests for Admissions on the Defendant and has not even been afforded an answer in the negative; much less the Requested admission(s). And as the F.R.Cv.Proc. state, these failures warrant the court Granting a Motion to compel so that the material(s) can be judicially noticed prior to the Trial so as to reduce the burden on the court and the parties at Trial. This is a well recognized and often used manner in adjudicating facts of a cause so that the parties can conserve resources in pursuing and defending claims in a federal court.

16. Again, Plaintiff has Attached a separate Exhibit C which is a copy of the Requests for Admissions as served on the Defendant. And he has again supplied the court with a separate Affidavit which sets forth the relevance of the admissions and why they are relevant and not protected. See: Exhibit D.

17. Here again, Plaintiff deems that the F.R.Cv.Proc.

are explicit and are not open to interpretation with respect to the requested Admissions. There is just no viable reason for the Defendant to fall silent and not admit, or deny, the material set forth in Exhibit C. There is a definite air of dilatoriness to such action(s) and same should, at a minimum, be required to be explained to the court.

18. These procedural issues are, again, specifically allowed in order to move a cause thourgh the federal courts with as little pressure on the interested parties' precious resources as possible. And this court should compel the Defendant to make the requested Admissions (or denials) as are appropriate in order to assist in narrowing the issue(s) for Trial.

19. Plaintiff need not belabor this Honorable Court with an extended argument on the need for all the parties to prosecute a cause in good faith. In fact, this court, as do all federal courts, has Local Rules which not only mandate same -- but allow for sanctions on parties and/or their attorneys who cause undue delay and costs. (Notwithstanding the fact that the F.R.Cv.Proc. also have proscriptions for want of prosecution). In fact, this Honorable Court, to wit, Magistrate Judge Susan Baxter, has already Recommended harsh sanctions on the Plaintiff for a perceived violation(s) of the court's Order(s).

20. Magistrate Judge Baxter was so critical and harsh in the findings and Recommendations that she did not even account for all of the F.R.Cv.Proc. in the Ruling(s). In the Report and Recommendation, Judge Baxter went so far as to find that Plaintiff's cause should be dismissed for something that is

6

not even supported by the Record.

21.   In this vein, the (in)action(s) of the Defendant are clearly more egregious than the misleading findings of Judge Baxter, which were deemed warrating the dismissal of the cause -- and should therefore be cause for the court to act harshly towards the Defendant.  And Order the Defendant provide the Plaintiff with the materials and admissions  sought forthwith.

22.   And even though Plaintiff is proceeding in forma pauperis and the Untied States is bearing the costs associated with the instant cause; the AUSA and the BOP employees who are assisting him in prosecuting this cause are directly responsible for the delays and expenditures of additional precious resources to entertain this pleading.  As such, the court, in the same harsh manner, should find that they should be made liable for the costs directly; and sanction them also to the reimbursement of the appropriate costs for same.

## CONCLUSION

23.   As set forth more fully above and in the attached Exhibits, Plaintiff has made valid Request(s) for materials which are proscribed as "Discovery."  And as the court is well aware, the Discovery portion of the cause is presently closed by court Order of February 24, 2005.  (As extended/enlarged by DE #15). Moreover, as set forth in the attached Affidavits, there are materials and admissions which are necessary for the prosecution of the instant cause which have not been fulfilled by the Defendant.

24. Additionally, as set forth in the attached Affidavits, Plaintiff has received no justification for the Defendant not honoring his Request(s). And as such there is/are grounds for the court ot intervene and compel the Defendant to produce the Reqeusted materials to the Plaintiff.

25. And Planitiff deems that the extended period of time is cause for the court to consider awarding sanctions on the Defendant. There is no justifiable reason for ignoring or providing an incomplete response to the Request(s). Same is expecially true and much of the materials are public records subject to the Freedom of Information Act and should be freely given.

26. WHEREFORE PLAINTIFF PRAYS, that this Honorable Court will Grant his Motion for Compelling the Defendant to provide the Discovery Materials Requested.

27. AND FURTHERMORE, Grant Plaintiff any additional Relief the court deems just and proper.

Respectfully Submitted,

_Sadrick Donaldson_ /Pro Se
Sadrick Donaldson, /Pro Se
Fed. Reg. No.
FCI Allenowood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

## DECLARATION

I, Sadrick Donaldson, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. 1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this **10th** day fo September, 2005.

*Sadrick Donaldson* Pro Se
Sadrick Donaldson, Pro Se
Fed. Reg. No.
FCI Allenwoood (Medium)
P.O. Box 2000, 4-B
White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I, Sadrick Donaldson, hereby certify that a true and correct copy of the foregoing pleading was served, by first-class postage prepaid placement in the institutinoal legal mailbox, this **10th** day of September, 2005, to:

1. Clerk of the Court
   U.S.D.C. for W.D. PA
   617 State Street
   Erie, PA 16501

2. Paul Skritrich
   Asst. U.S. Attorney
   700 Grant Street
   Pittsburgh, PA 15219

*Sadrick Donaldson* Pro Se
Sadrick Donaldson, Pro Se
Fed. Reg. No.
FCI Allenwood (Medium)
P.O.Box 2000, 4-B
White Deer, PA 17887-2000