Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOSES OJI, 28193-054, )
    Plaintiff, )
 )
    v. ) Civil Action No. 99-175J
 )
UNITED STATES OF AMERICA, )
    Defendant. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the motion to dismiss submitted on behalf of the United States (Docket No.12) be granted.

II. Report:

Presently before the Court for disposition is the defendant's motion to dismiss.

Moses Oji, an inmate at the Federal Correctional Institution at Oakdale, Louisiana has presented a civil action in which he alleges that on October 3, 1997, while working at his assigned job at the Federal Correctional Institution at Loretto, he was assaulted by another inmate, Keith Brooks; that institutional authorities were aware of the possible danger inmate Brooks presented to the plaintiff but did nothing to prevent the attack and that the Steve Bukowski and Dennis Funyak who were job foremen negligently failed to protect the plaintiff. These facts are said to state a cause of action under the provisions of 28 U.S.C. § § 1346(b) and

2671 et seq. Named as the defendant is the United States which now moves to dismiss.[1]

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

In essence, the plaintiff's claim is that institutional personnel were negligent in permitting him to work with inmate Brooks and in failing to protect him from an assault by Brooks. As a result the plaintiff contends he is entitled to recover compensatory and punitive damages from the United States pursuant to the Federal Tort Claims Act (the FTCA). The latter provides a mechanism through which the United States is made "responsible to injured persons for the common law torts of its employees in the same manner in which the common law historically has recognized the responsibility of an employer for torts committed by its employees within the scope of their employment." Section 2(a)(2) of Pub.L. 100-694. That is, "the FTCA subjects the United States to tort liability for negligence." Reo v. U. S. Postal Service, 98 F.3d 73, 75 (3d Cir. 1996).

In general, sovereign immunity is waived only as the sovereign consents to its waiver, United States v. Mitchell, 445 U.S. 535 (1980), and such waivers are strictly construed. United States v Ohio, 503 U.S. 607 (1992). And, suits against the government are permitted only as the government has consented to be sued. Com. v. National Ass'n of Flood Insurers, 520 F.2d 11 (3d Cir. 1975); Hager v. Swanson, 916 F.Supp. 447 (E.D.Pa. 1996).

---

[1] As originally filed the plaintiff named Mike Weise, Michael Abbott and Steve Bukowski as defendants. On January 28, 2000, the United States was substituted as defendant pursuant to 28 C.F.R. 15.3 and 28 U.S.C. 2679(d).

It is provided in 28 U.S.C. § 2680(a) that the waiver does not apply to

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government...

Because the United States has no duty to foresee the tortious conduct of inmates directed at other inmates, Cohen v. United States, 151 F.3d 1338 (11th Cir. 1998) cert. denied 119 S.Ct. 1803 (1999); Calderon v. United States, 123 F.3d 947 (7th Cir. 1997), the defendant cannot be said to have waived its sovereign immunity, and its motion to dismiss should be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

Robert C. Mitchell,
United States Magistrate Judge

Dated: February 24, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOSES OJI,
    Plaintiff,

v.                             Civil Action No. 99-175J

UNITED STATES OF AMERICA,
    Defendant.

MEMORANDUM ORDER

On August 6, 1999, plaintiff, Moses Oji, filed a motion to proceed in forma pauperis in a civil action filed against three corrections officers at the Federal Correctional Institution at Loretto, Pennsylvania.  Plaintiff alleged that he was physically assaulted on October 3, 1997 by another inmate while he was performing his assigned duty in the prison industry Unicor and that the defendants failed to protect him even though they "were aware of possible danger against the plaintiff from the inmate in question[.]" Dkt. no. 3, ¶ 14.

Because plaintiff sought relief under the Federal Tort Claims Act, 28 U.S.C. § 1346, the United States of America was substituted as the party defendant. Dkt. no. 11.  The government moved to dismiss, arguing that plaintiff's complaint failed to state a claim for relief under the Federal Tort Claims Act because of the discretionary exception set forth in 28 U.S.C. § 2680 (a). The magistrate agreed and recommended that the motion be granted.  Dkt. no. 17, at 3.

Plaintiff objects to the magistrate's recommendation.  He argues that the named defendants were "aware prior to the attack, that inmate Brooks was going to assault the plaintiff." Dkt. no. 18, memo. at 2.

Because a district court should refrain from granting a dismissal under Federal Rule of Civil Procedure 12(b)(6) unless the allegations in the complaint fail to state any claim upon

1

which relief can be granted, Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988), defendant's motion must be denied. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). Such a violation may be asserted against federal correctional officers under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Liberally construed, plaintiff's complaint asserts a Bivens action against the three correctional officers.

Accordingly, this __24th__ day of March 2000, it is hereby

ORDERED AND DIRECTED that the defendant's motion dismiss, dkt. no. 12, is DENIED. This matter is remanded to Magistrate Robert C. Mitchell for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(A).

BY THE COURT,

D. Brooks Smith
United States District Judge

cc: Moses Oji, 28193-054
FCI Oakdale
P.O. Box 5000
Oakdale, LA 71463-5000

Jessica Lieber Smolar, AUSA
United States Attorney's Office
633 U.S. Post Office & Courthouse
Pittsburgh, PA 15219

Honorable Robert C. Mitchell
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOSES OJI,
    Plaintiff,
v.                                      Civil Action No. 99-175J
UNITED STATES OF AMERICA,
    Defendant.

### MEMORANDUM ORDER

On March 24, 2000, I denied the government's motion to dismiss because I concluded that "[l]iberally construed, plaintiff's complaint asserts a Bivens action against the three correctional officers." Dkt. no. 19, at 2. The government moves for reconsideration, pointing out the well-known proposition that a Bivens action cannot be maintained against the United States. Dkt. no. 20.

I will grant the government's motion in part. The plaintiff's cause of action under the Federal Tort Claims Act should have been dismissed because it is barred by the discretionary function exception set forth in 28 U.S.C. § 2680(a).

The Bivens claims will remain, however, and may proceed against the three individuals named as defendants inasmuch as there is no longer need for the United States to be substituted as the party defendant. Accordingly, this 5th day of April 2000, it is hereby

ORDERED AND DIRECTED that:

1.    The motion for reconsideration, dkt. no. 20, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that the plaintiff's Federal Tort Claims Act claims are DISMISSED with prejudice. The motion is DENIED to the extent that it seeks a dismissal of the plaintiff's Bivens claims.

1

2.  The substitution of the United States as the party defendant pursuant to 28 U.S.C. § 2679(d) is VACATED. The action shall proceed against the individual defendants identified in the plaintiffs' complaint.

3.  This matter is remanded to Magistrate Robert C. Mitchell for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(A).

BY THE COURT,

D. Brooks Smith
United States District Judge

cc: Moses Oji, 28193-054
FCI Oakdale
P.O. Box 5000
Oakdale, LA 71463-5000

Jessica Lieber Smolar, AUSA
United States Attorney's Office
633 U.S. Post Office & Courthouse
Pittsburgh, PA 15219

Honorable Robert C. Mitchell
United States Magistrate Judge

2