Exhibit

B

BP-S288.052 INCIDENT REPORT CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

1. Name Of Institution: Federal Correctional Institution McKean
                  Part I - Incident Report                 105770S

| 2. Name Of Inmate DONALDSON, SADRICK | 3. Register Number 20102-018 | 4. Date Of Incident 12-19-02 | 5. Time 1:15PM |
|---|---|---|---|

| 6. Place Of Incident Special Housing Unit CELL | 7. Assignment SHU-UNASSGN | 8. Unit SHU (BB) | |
|---|---|---|---|

9. Incident    REFUSING PROGRAMS                    CODE:306

11. Description Of Incident (Date:12-19-02 Time 1:15PM Staff become aware of incident)
    ON 12-19-02 AT APPROXIMATELY 1:15PM, I STATED TO INMATE DONALDSON TO PACK HIS PROPERTY BECAUSE IS WAS RETURN TO GENERAL POPULATION. INMATE DONALDSON STATED HE WAS NOT RETURNING TO THE COMPOUND.

| 12. Signature Of Reporting Employee | Date And Time 12-19-02 1:45PM | 13. Name And Title (Printed) DONALD NERO, SENIOR OFFICER |
|---|---|---|

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 12-19-02 | 16. time Incident Report Delivered 6:25 pm |
|---|---|---|

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate Donaldson said that he won't go back to the compound because of DC inmates pressuring him for sex.

| 18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act. _____ Did Not Commit A Prohibited Act. | B. XXXXX The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information
If inmate is found to have committed the prohibited act, greater sanctions should be considered than are available at the UDC level.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
15 days D/S, loss of 7 days GCT

21. Date And Time Of Action  12-20-2002  9:50 am    (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

G. Buck _____        T. Holt _____        _____
Chairman (Typed Name/signature)   Member (Typed Name)   Member (Typed Name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)                    Replaces BP-288(52) Of Jan 8

Exhibit (B.) page 11 D038

| Part III - Investigation | 22. Date And Time Investigation Began<br>12-19-2002 6:25PM |
|---|---|

**23. Inmate Advised Of Right To Remain Silent:** You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process. You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By R. POITRAS, LTN. At (Date/time) 12-19-02 6:25PM

**24. Inmate Statement And Attitude**

INMATE DONALDSON, SADRICK #20102-018, WAS IDENTIFIED, GIVEN A COPY OF THIS REPORT, AND ADVISED OF HIS RIGHTS AND SAID HE UNDERSTOOD THEM. ACKNOWLEDGING THIS THE INMATE STATED: " I'M CONCERNED FOR MY SAFETY, STILL." INMATE DONALDSON DISPLAYED A FAIR ATTITUDE DURING THIS INVESTIGATION.

**25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.**

INMATE DONALDSON DID NOT REQUEST FOR ANY WITNESSES. ALL FACTS ARE CONTAINED IN THE BODY OF THIS REPORT

**26. Investigator's Comments And Conclusions**

BASED ON THE REPORTING STAFF MEMBERS STATEMENT AS OUTLINED IN SECTION 11 OF THIS REPORT, I FIND THE CHARGE 306 TO BE SUPPORTED.

**27. Action Taken**

INMATE DONALDSON REMAINS IN PRESENT STATUS AND THIS MATTER IS REFERRED TO THE UDC FOR FURTHER PROCESSING.

Date And Time Investigation Completed 12-19-2002 7:00PM

Printed Name/signature Of Investigator ROBERT POITRAS

_____          LIEUTENANT
            Signature                        Title

Exhibit B page (a)

U.S. Department of Justice                    Inmate Rights A    scipline Hearing

Federal Bureau of Prisons

_FCI McKean_
Institution

As an inmate charged with a violation of Bureau rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, an the DHO's disposition in writing; and.

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _unable to sign in cuffs_    Reg. No.: _20/02-018_    Date: _12/20/02_
           Inmate Signature

Notice of rights given to inmate _12/20/02   9:50 AM_    by    _G. Buck /_
                          Date  Time                       Employee Printed Name  Signature

Over

D042

_Exhibit B page (3)_

SEP-24-2004 FRI 02:31 PM FCI Allenwood          FAX NO. 570 547 7751          P. 10

U.S. Department of Justice                    Notice of Discipl.    .earing before
Federal Bureau of Prisons                     the Discipline F    .ing Officer (DHO)

12/20/02
Institution

DATE: 12/20/02

TO: _Donaldson, Sadrick_          Reg. No.: _20102-018_

ALLEGED VIOLATION(S): _Refusing Programs_

DATE OF OFFENSE: _12/19/02_          Code No.: _306_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _Next Available docket_ , at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. **Please indicate below whether you desire to have a staff representative, and if so, his or her name.**

I (do) ____ (do not) _✓_ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) _✓_ wish to have witnesses.

NAME: _____ , Can Testify to: _____

_____

_____

NAME: _____ , Can Testify to: _____

_____

_____

NAME: _____ , Can Testify to: _____

_____

_____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: _12/20/02_          SIGNATURE: _unable to sign in Cuffs_
                                        9:50 AM

Notice of hearing before DHO given inmate _12/20/02_ by _G. Buck / [signature]_
                                          Date/Time          Employee Printed Name/Signature

Exhibit B page (4)      D040

ate Rights At Discipline Hearing (cont'r)

*FCI Mckea...*
Institution

(Where an inmate has been advised of the rights afforded at a hearing before the DHO, but refuses to sign the acknowledgement, the following should be completed.)

I have personally advised (Inmate's Name/Register No.) *Donaldson, Sadrick 20102-018*
of the above rights afforded at a discipline hearing before the DHO; however the inmate has refused to sign the acknowledgement.

Signed: _____

Employee's Typed or Printed Name: *E. Buck* _____

Date: *12/20/02* _____

---

### Waiver of 24 Hour Notice

I have been advised that I have the right to have a written copy of the charge(s) against me at least 24 hours prior to appearing before the DHO. I wish to waive this right and proceed with the DHO hearing at this time.

Signed: _____

Typed or Printed Name: _____

Register Number: _____

Date: _____ Time: _____

Witnessed by: _____
                    (Employee Printed Name/Signature)

Exhibit B page (5)          D041

| DISCIPLINE HEARING OFFICE REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

| INSTITUTION | FCI McKean, Pennsylvania | INCIDENT REPORT NUMBER | | 1057705 | |
|---|---|---|---|---|---|
| INMATE NAME | Donaldson, Sadrick | REG NO | 20102-018 | UNIT | B-B |
| DATE OF INCIDENT | 12-19-2002 | DATE OF INCIDENT REPORT | | 12-19-2002 | |

| OFFENSE CODE(S) | 306 |
|---|---|
| SUMMARY OF CHARGES | Refusing to Accept a Program Assignment |

**I.  NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  12-19-2002       at       1825        (by staff member)  R. Poitras, Lieutenant

B. The DHO Hearing was held on (date)       01-29-2003     at (time)       0825

C. The inmate was advised of his/her rights before the DHO by (staff member):

G. Buck, Counselor                  on (date)        12-20-2002          and a copy

of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | XXX | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and    N/A                    appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff representative statement:

N/A

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | X | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

I did refuse when they ordered me out, but I didn't know my investigation was completed.
I was a P/C, and I checked in.  I talked to one of the SIS Lieutenants on I believe a
Wednesday.  He told me he was going to see me that Friday.  The next day, Officer Nero
told me I had to go back to the compound, but the SIS told me he was going to see me on
Friday.  The UDC saw me on Friday.  I told them the SIS told me he would see me on
Friday.  The UDC told me the SIS told them the investigation was completed.  I told the
UDC I was refusing to go back to the compound because the SIS told me he was coming back
to see me.  That's about it.  They said the investigation was over with, and that was it,
but they didn't tell me it was over with until after I got the shot.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | XXX |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include
each witnesses' name, title, reg number and statement as appropriate.)

N/A

Exhibit B  page (6.)

## DISCIPLINE HEARING OFFICE    REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| | | | | | | |
|---|---|---|---|---|---|---|
| 3. The following persons requested were not called for the reason(s) given. | | | | | | |

N/A

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

The memorandum written by Charles Kindervater, Unit Manager, dated December 2, 2002.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

### IV. FINDINGS OF THE DHO

| X | A. The act(acts) was(were) committed as charged. |
|---|---|
| | B. The following act was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

### V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The written statement of Officer Nero documents on December 19, 2002, at approximately 1:15 p.m., he told you to pack your property because you were being released from the Special Housing Unit to the general inmate population.  You stated you were not returning to the compound.

The memorandum written by Unit Manager Kindervater documents on November 12, 2002, you were placed in the Special Housing Unit after requesting protective custody.  You were interviewed that same day by Counselor Buck and Unit Manager Kindervater in the Special Housing Unit.  During the interview, you identified an inmate who you stated was "pressuring" you for a "relationship".  You stated you were involved in a relationship with this inmate at another institution.  The inmate wanted to continue the relationship with you, but you did not want to.  The inmate had been coming to the unit and "pressuring" you in the evenings.  You also stated three other inmates had approached you on the compound about a month ago for sex, but they did not assault you.  The inmate you were in the prior relationship with tried to prevent you from talking to other inmates, and he would get very defensive toward other inmates who talked to you.  You did not think the inmate would hurt you, but you believed he might hurt someone else if he saw someone talking to you.  You stated you could not take it anymore, and you wanted to remain in the Special Housing Unit, or be transferred.

Other inmates were interviewed during Mr. Kindervater's investigation of your need to remain in the Special Housing Unit for protective custody.  Mr. Kindervater concluded there was no evidence presented which would lead him to believe there is a threat to your safety.  Mr. Kindervater recommended that you be released from the Special Housing Unit and returned to the general inmate population.  The investigation completed by Mr. Kindervater was reviewed by SIS Lieutenant Chiodo, Captain Reich, and Associate Warden (Programs) Billisits, who concurred with the finding of Mr. Kindervater that you should be returned to the general inmate population.

You denied the charge and presented as your defense that when the reporting staff member ordered you to return to the general inmate population, you did not know your investigation was completed.  You requested to be placed in the Special Housing Unit for protection.  You talked to one of the SIS Lieutenants.  You believe you talked to the SIS Lieutenant the day before the reporting staff member wrote the incident report.  The SIS Lieutenant told you he was going to see you two days later.  The next day, the reporting staff member told you that you I had to go back to the compound, but the SIS Lieutenant

Exhibit B page (8.)

DISCIPLINE HEARING OFFICE  REPORT                 BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                      FEDERAL BUREAU OF PRISONS

told you he was going to see you the day after the reporting staff member told you that
you had to go back to the compound.  The UDC saw you the day after the incident report
was written.  You told them the SIS Lieutenant told you he would see you the next day.
The UDC told you the SIS Lieutenant told them the investigation was completed.  You told
the UDC you were refusing to go back to the compound because the SIS Lieutenant told you
he was coming back to see you.  The UDC told you the investigation was over with, and
that was it, but they didn't tell you it was over with until after you received the
incident report.

The DHO gave little weight to your defense because the DHO found your defense to have no
merit.  Although you contend you were not informed by staff that the investigation was
over with until after you received the incident report, you admitted the reporting staff
member did order you out of the Special Housing Unit, and you refused.  The memorandum
written by Unit Manager Kindervater documented your need to remain in the Special Housing
Unit could not be verified, and he recommended that you be placed back into the general
inmate population.  The report prepared by Mr. Kindervater was reviewed by SIS Lieutenant
Chiodo, Captain Reich, and Associate Warden (Programs) Billisits, who concurred with Mr.
Kindervater's recommendation.  You admitted when the reporting staff member ordered you
to return to the general inmate population, you refused.  You also stated when you
appeared before the UDC, they informed you the investigation was completed.  The record
documents you appeared before the UDC on December 20, 2002, at 9:50 a.m.  The UDC
documented you stated you would not go back to the compound.  You were instructed by the
reporting staff member on December 19, 2002, at approximately 1:15 p.m., to pack your
property in the Special Housing Unit because you were returning the general inmate
population.  When you were instructed to do so, you stated you were not returning to the
compound.  By refusing to return to the general inmate population, the DHO found you
committed the prohibited act of Refusing to Accept a Program Assignment, Code 306.

**VI. SANCTION OR ACTION TAKEN**

Disallow Good Conduct Time:  Disallow 10 days GCT from Comp 010, PLRA, for 306.

**VII. REASON FOR SANCTION OR ACTION TAKEN**

Refusing to accept a program assignment seriously disrupts the security and orderly
running of the institution.  By refusing to return to the general inmate population after
being ordered to do so, your behavior demeans staff's authority, and it hampers staff's
ability to provide inmates with meaningful program assignments.  This type of inmate
behavior cannot be tolerated, because to do so would lessen staff's ability to
effectively manage the inmate population.  The sanction was imposed to punish you for
your misconduct, to place a significant impact on your future, and to deter this type of
inmate behavior within a correctional institution.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence
relied on, action and reasons for the action.  The inmate has been advised of his right
to appeal this action within 20 calendar days under the Administrative Remedy Procedure.
A copy of this report has been given to the inmate.

| | | Yes | X | No | | |
|---|---|---|---|---|---|---|

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| James P. Linden | | January 29, 2003 |

| Report delivered to inmate by: | DATE |
|---|---|
| | 01-29-03 |

(This form may be replicated in WP)          Replaces BP-304(52) of JAN 88

Exhibit B page (8)