# Exhibit G



# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADRICK DONALDSON,        )  | |
| )  | |
| Plaintiff,           )  | |
| )  CIVIL ACTION NO. 04-257E | |
| v.                  )  | |
| )  JUDGE McLAUGHLIN | |
| )  MAGISTRATE JUDGE BAXTER | |
| UNITED STATES OF AMERICA, )  | |
| Defendant.           )  | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

AND NOW, comes Defendant, United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul E. Skirtich, Assistant United States Attorney for said District, and files the following Answers to Plaintiff's Request for Admissions:

1.  Defendant denies the averments set forth in paragraph 1 of Plaintiff's Request for Admissions as stated. The United States admits that the Plaintiff entered the Segregated Housing Unit (SHU) at FCI-McKean beginning November 12, 2002; that an investigation ended on December 2, 2002; and that on December 19, 2002, prison personnel ordered the Plaintiff back to the general population, but Plaintiff refused to leave the SHU, which initiated disciplinary action against the Plaintiff.

2.  Defendant denies the averments set forth in paragraph 2 of Plaintiff's Request for Admissions as stated. The United States admits that the investigation of Plaintiff's complaints began on November 12, 2002, and ended on December 2, 2002.

Exhibit (G) page (1.)

②

3. The United States cannot truthfully admit or deny the statement set forth in paragraph 3 of Plaintiff's Request for Admissions since it is unclear what Plaintiff is averring. The United States admits that on December 19, 2002, Plaintiff refused an order to return to the general population and that on December 20, 2002, Plaintiff appeared before the Unit Disciplinary Committee (UDC), but further admissions or denials cannot be made.

4. Defendant denies the averments set forth in paragraph 4 of Plaintiff's Request for Admissions as stated. The United States admits that on November 12, 2002, Plaintiff notified prison personnel that Eric Drayton was pressuring him for a relationship; that Plaintiff was placed in the SHU; and that an investigation ensued until December 2, 2004.

5. Defendant admits the averments set forth in paragraph 5 of Plaintiff's Request for Admissions.

6. Defendant admits the averments set forth in paragraph 6 of Plaintiff's Request for Admissions.

7. Defendant denies the averments set forth in paragraph 7 of Plaintiff's Request for Admissions as stated. On November 12, 2002, Plaintiff told prison personnel Gary Buck and Charles Kindervater that Eric Drayton was pressuring him for a relationship.

Exhibit (G) page (2)   2

8. Defendant denies the averments set forth in paragraph 8 of Plaintiff's Request for Admissions as stated. The United States avers there are no signed statements of the Plaintiff in his "central file" at the Bureau of Prisons. Additionally, the United States admits that the SIS Lieutenant at FCI-McKean reviewed the reports which contained Plaintiff's allegations of pressure applied by Eric Drayton.

9. Defendant admits the averments set forth in paragraph 9 of Plaintiff's Request for Admissions.

10. Defendant denies the averments set forth in paragraph 10 of Plaintiff's Request for Admissions as stated. The United States admits that the Unit Team of Gary Buck and Charles Kindervater knew Plaintiff requested to be placed in the SHU on November 12, 2002.

11. Defendant denies the averments set forth in paragraph 11 of Plaintiff's Request for Admissions as stated. The sole Defendant is the United States. Also, see answers to paragraphs 1, 3, and 7.

12. Defendant denies the averments set forth in paragraph 12 of Plaintiff's Request for Admissions as stated. The United States avers that 28 C.F.R. § 541.23 provides guidance to prison personnel before inmates are sent to the SHU.

Exhibit (G) page (3.)    3

13. Defendant admits the averments set forth in paragraph 13 of Plaintiff's Request for Admissions.

14. Defendant admits the averments set forth in paragraph 14 of Plaintiff's Request for Admissions.

15. Defendant denies the averments set forth in paragraph 15 of Plaintiff's Request for Admissions as stated. The United States admits that only authorized inmates are allowed in the Education Department classrooms when class is in session, and no inmate is permitted to hurl a hot substance in the face of other inmates.

16. Defendant admits the averments set forth in paragraph 16 of Plaintiff's Request for Admissions.

17. Defendant denies the averments set forth in paragraph 17 of Plaintiff's Request for Admissions as stated. The United States admits that Psychologist Doctor Walter Rhinehart saw the Plaintiff in the SHU after November 12, 2002.

18. Defendant denies the averments set forth in paragraph 18 of Plaintiff's Request for Admissions as stated. See answer to paragraph 8 above.

19. Defendant admits the averments set forth in paragraph 19 of Plaintiff's Request for Admissions.

20. Defendant denies the averments set forth in paragraph 20 of Plaintiff's Request for Admissions as stated.



21. Defendant denies the averments set forth in paragraph 21 of Plaintiff's Request for Admissions as stated. The United States admits that on August 29, 2003, Plaintiff suffered injuries as reported to prison staff and observed by medical personnel at the Bradford Regional Medical Center that same day.

22. Defendant denies the averments set forth in paragraph 22 of Plaintiff's Request for Admissions as stated.

23. Defendant admits the averments set forth in paragraph 23 of Plaintiff's Request for Admissions since Plaintiff testified at deposition that Eric Drayton was placed in the SHU with Plaintiff on one day and was removed the next day after Plaintiff complained. Plaintiff also testified that Drayton did not touch him while they were housed in the SHU.

Respectfully submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

/s/ Paul E. Skirtich
PAUL E. SKIRTICH
Assistant U.S. Attorney
Western District of PA
U.S.P.O. & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7418
PA ID No. 30440

Exhibit (G) page (5)    5

(6.)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Request for Admissions was served by first-class mail, postage-prepaid, on this 15th of September, 2005, to the following:

>Sadrick Donaldson
>Register No. 20102-018
>FCI Allenwood
>P.O. Box 2000, 4-B
>White Deer, PA 17887-2000

>PAUL E. SKIRTICH
>Assistant United States Attorney

Exhibit (G) page (6.)