IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
SADRICK DONALDSON              :
Reg. No. 20120-018             :
F.C.I. Allenwood Medium        :
P.O. Box 2000, Building 4B     :
White Deer, PA. 17887          :
            Plaintiff,         :   CIVIL ACTION CASE NO.
                               :   1:04-CV-00257
                               :
                               :   District Judge McLaughlin
vs.                            :   Magistrate Judge Baxter
                               :
                               :
                               :
UNITED STATES, ET. AL.,        :
UNITED STATES ATTORNEY GENERAL,:
            Defendant.         :
                               :
_____x
```

**MOTION FOR LEAVE TO AMEND PLAINTIFF'S CIVIL ACTION
COMPLAINT PURSUANT TO 28 U.S.C. 1331; 28 U.S.C.
503; 18 U.S.C.S. 4001 (b)(1); AND FED.R.CIV.P. 8 (A),
15 (A) AND 41(a); THE NOW DEFENDANT FED. B.O.P.
MCKEAN AND IT'S WARDEN ARE VOLUNTARILY DISMISSED,
AND THEIR SUMMARY JUDGMENT MOTION SHALL BE GRANTED;
AND THE CIVIL ACTION COMPLAINT SHALL NOW BE AMENDED
TO THE DEFENDANT UNITED STATES ATTORNEY GENERAL.**

28 U.S.C. SEC. 1331:

28 U.S.C. SEC. 503:

18 U.S.C.S. SEC. 4001 (b)(1):

Fed.R.Civil.P 8(A), 15(A) And 41(A):

This Complaint is in compliance with the P.L.R.A. 42 U.S.C. 1997, because Administrative Remedies or Grievance Procedures were Filed in this Case starting with BP(s) <u>8, 11-6-03</u>, <u>9, 12-24-03</u>, <u>10, 3-25-04</u>, and <u>11, 7-28-04</u>.

The Attorney General For The United States, knew or should have known that Inmate Sadrick Donaldson, Reg. No. 20120-018 was injured, damaged, caused severe pain and suffering, and atypical hardship by The United States Attorney General's Federal Bureau Of Prisons Penal Institution McKean. The grievance procedures received by the Defendant - United States Attorney General, BP-11, July 28th, 2004, Complained of, on November 12, 2002, an inmate by the name of Eric Drayton harassed plaintiff to engage in sexual conduct with him and others.

1) The F.B.O.P. Staff was informed at 1:00 pm 11-12-02.

2) The United States Attorney General and Staff Members of McKean, knew or should have known 7-28-04, that plaintiff was being sexually assaulted, and threaten by inmate Drayton.

3) McKean Staff Members Counselor G.Buck, Unit Manager Kinervator, S.I.S. Lt. and Psychologist Dr. Rianheart, had substantive knowledge of Eric Drayton Sexual Assaultive behavior, and other D.C. inmates involved.

4) Again on 12-19-02, plaintiff expressed fear for his life to Staff Members Donald Nero, in a Incident Report.

5) 12-20-02 plaintiff expressed fear for his life to Counselor G. Buck and T. Holt and the fear of returning to General Population.

6) On 2-12-03 this plaintiff was ordered released from the Special Housing Unit, even though plaintiff expressed fear for his life.

7) Within February/2003, inmate Eric Drayton was released from the Special Housing Unit, and upon his being released from the (SHU),

the Threats and Harassing started all over again.

8) On 2-16-03, Michael Windbush and Lester Wilkerson, both of these inmates were my assigned cellies, went to the Unit Team and informed the Unit Team of the Threats and harassment by inmate Drayton, this was presented to Counselor G. Buck.

9) Counselor G. Buck, discretion was that posting inmate Drayton's picture in the Officer's Station would stop his efforts from interring the Unit where this plaintiff was assigned, but Officers or Correctional Staff, Dorian, Trann and Super were to busy running the operations of the Housing Unit to stop inmate Drayton from continuous interring the Housing Unit where this plaintiff was located, between 2-12-03, thru 8-29-03.

10) Periodically between 2-12-03 thru 8-29-03, inmate Drayton threaten and harassed plaintiff in front of witnesses, inmates Brandon Blanton, Forest Coleman (reg. No. 10368-055); Roger Dawson (Reg. No. 11403-007); Howard Smithson (Reg. No. 06928-068); and Wayne Higgins (Reg. No. 05291-026).

11) On August 29th, 2003, inmate Eric Drayton with intent, with malice intentions, and with a malicious state of mind, by threatening, assaulting plaintiff with excruiciating force by throwing a boilding hot liquid chemical mixture on plaintiff's body and mostly in plaintiff's face, which caused a melt down to plaintiff's shoulders, hair, facial skin, and permanent injuries to plaintiff's eyes. Such damages are permanent in nature and irreversible.

12) The United States Attorney General pursuant to 18 U.S.C. 4001 (b)(1) and 28 U.S.C. 503, knew or should have known through plaintiff's grievances and Administrative Remedies of

that Constitutional violations were a custom, practice, usage and deliberate indifference by the defendant toward plaintiff.

13) The grievance procedure or Administrative Remedies pursuant to 42 U.S.C. 1997 and P.L.R.A., that the defendant did not act on the risk of Constitution violation of deliberate indifference, and such grievance procedure or Administrative Remedies gave the defendant actual or constructive knowledge that plaintiff's Rights against cruel and unusual treatment were being violated.

14) Plaintiff can prove via affidavit each set of facts in support of each claim where which would entitle plaintiff to relief against the defendant. See Estelle, 429 U.S. at 106, quoting Conley v. Gibson, 355 U.S. 41 45-46 (1957); and Boag v. MacDougall, 454 U.S. 364, 365 (1982).

15) The defendant ignored a practice that was consistent enough to constitute custom. City of St. Louis v. Praprotnik, 485 U.S. 112, 123-30 (1988); and Canton v. Harris, 489 U.S. 378, 390 (1989); and Farmer v. Brennan, 511 U.S. 525, 841 (1994).

16) Plaintiff needs only to supply the District Court with a short and plain statement of the claims showing Facts that this pleader is entitled to relief against the defendant, Fed.R.Civ.P. 8(A), and to Amend that pleading pursuant to Fed.R.Civ.P. 15(A), because The United States Attorney General - defendant, knew or should have known of the customs, practices, usages and deliberate indifferences to plaintiff pursuant to 42 U.S.C. 1997(A) and 1997(E). See Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) and Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993).

The defendant shall be held as the appropriate party pursuant to 28 U.S.C. SEC. 503, 18 U.S.C.S. SEC 4001(b)(1), and the Civil Action Complaint shall be amended pursuant to Fed.R.Civ.P. 15(A), and the now defendant's The Warden and Employees of McKean or Agency shall be dismissed from this Civil Action Complaint, and that this Civil Action Complaint be Litigated under 28 U.S.C. 1331(A), and Summary Judgment interred to drop the now defendants.

Respectfully Submitted,

Sadrick Donaldson  5-9-06
Reg. No. 20120-018
F.C.I. Allenwood Medium
P.O. Box 2000, B - 4B
White Deer, PA. 17887

Notary Public _____

Date: _____

## CERTIFICATE OF SERVICE

I certify that on 5-9-06 I, Sadrick Donaldson mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Office Of The United States Attorney General
United States Department Of Justice
320 First Street N.W.
Washington, D.C. 20534

United States Attorney's Office
For The Western District Of Pennsylvania
~~100 State Street~~ 700 Grant Street, Suite 400
~~Erie, PA. 16~~507 Pittsburgh, Pennsylvania 15219

and to

Clerk Of The Court
United States District Court
For The Western District Of Pennsylvania
Federal Building And U.S. CourtHouse
617 State Street
Erie, PA 16501

on this 9th day, of May, 2006.

### PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 5-9-06 for forwarding to the District Court for The Western District of Pennsylvania. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. &1746.

Sadrick Donaldson, Pro Se
Reg. No. 20120-018
F.C.I. Allenwood Medium
P.O. box 2000, Building 4B
White Deer, PA. 17887-2000

Notary Public: _____
Date: _____

-6-

## AFFIDAVIT AND DECLARATORY STATEMENT
## PURSUANT TO 28 U.S.C. SEC. 1746

I, *Sadrick Donaldson* Sadrick Donaldson, Pro Se, Reg. No. 20120-018, located at the F.C.I., Allenwood Medium, P.O. Box 2000, Building 4B, White Deer, Pennsylvania 17887-2000, Affidavit and Declare pursuant to 28 U.S.C. Sec. 1746, that all sets of Claims in my Civil Action Complaint are True to the best of my ability to state the Facts as to the injuries, damages, pain, suffering and atypical hardship this plaintiff was so aggrieved. The defendant knew of should have known on July 28th, 2004, that plaintiff's Constitutional Rights were violated under 18 U.S.C.S. Sec. 4001(B)(1), and The United States Constitution Amendment Eight and Five. Attached to this document is Exhibits consisting of (A) 4 pages of documents; (B) 9 pages of documents; (C) 14 pages of documents; (D) 8 pages of documents; (E) 4 pages of documents; (F) 4 pages of documents; (G) 6 pages of documents; (H) 2 pages of documents; (I) 3 pages of documents; and (J) 2 pages of documents, are supporting affirmative evidence that meet the burden of proving each essential claim pleaded in this Civil Action Complaint that the defendant, United States Attorney General knew or should have known of plaintiff's injuries, damages, pain, suffering and atypical harship July 28th, 2004, pursuant to 42 U.S.C.S. Sec. 1997(A) and 1997(E). See also BP-8, BP-9, BP-10 and BP-11 responses.

It is this day ____, of May, 2006, This Affiant, Affidavit That the Civil Action Complaint and Supporting sets of documents are True so claimed.

Notary Public: _____

Date: _____

*Sadrick Donaldson Pro Se*  5-9-0
(Sadrick Donaldson, Reg. No. 20120-018
F.C.I. Allenwood, Medium, P.O. Box 2000
White Deer, PA. 17887-2000