IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADRICK DONALDSON,            )<br>             Plaintiff,   )<br>     v.                                       )<br>                                 )<br>UNITED STATES OF AMERICA, )<br>             Defendant.   ) | C.A. No. 04-257 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MEMORANDUM ORDER

**I. Procedural History**

On September 13, 2004, Plaintiff Sadrick Donaldson, a federal inmate formerly incarcerated at the Federal Correctional Institution at McKean, filed the instant action pursuant to the Federal Tort Claims Act against the United States of America. In his complaint, Plaintiff alleges that the government was negligent in that federal prison employees failed to protect him from assault by a fellow inmate.

This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On April 28, 2006, Magistrate Judge Baxter issued a Report and Recommendation recommending that Defendant's motion to dismiss or alternatively for summary judgment be granted due to the lack of subject matter jurisdiction.

In response to the Report and Recommendation, Plaintiff filed a motion to amend the complaint on May 12, 2006. Document # 39.

Following a *de novo* review of the record, this Court makes the following findings and adopts the Report and Recommendation of the Magistrate Judge as the opinion of this Court.

**II.  *De Novo* Review**

In his complaint, Plaintiff alleges that on August 29, 2003, he was assaulted by another

inmate, Eric Drayton, with whom Plaintiff had a history. Plaintiff alleges that he repeatedly complained to prison staff about harassment by Drayton and repeatedly sought protection from him. Plaintiff claims that the attack was sexually motivated and that Drayton assaulted him by pouring a "hot liquid chemical mixture in his face." As a result of the incident, Plaintiff suffered first and second degree chemical burns to his face, neck and shoulders.

In her Report and Recommendation, Magistrate Judge Baxter concluded that Plaintiff's FTCA claim against the United States was precluded by the discretionary function exception and recommended that the matter be dismissed due to lack of subject matter jurisdiction.

In his motion to amend, Plaintiff indicates that he is not objecting to the Report and Recommendation, but now wishes to bring a claim against the United States Attorney General. Plaintiff does not specify his precise proposed cause of action against the Attorney General.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). Accordingly, Plaintiff cannot bring an FTCA claim against the Attorney General because the proper party is the United States of America which will be dismissed for lack of subject matter jurisdiction due to the discretionary function exception.

Because Plaintiff is a *pro se* litigant, the undersigned must construe all allegations liberally. See Haines v. Kerner, 404 U.S. 519 (1972). To the extent that Plaintiff is attempting to bring a *Bivens* claim against the Attorney General, such a claim is futile because §1983

liability cannot be predicated solely on *respondeat superior*.  <u>Rizzo v. Goode,</u> 423 U.S. 362 (1976) and Plaintiff makes no allegations that the Attorney General was personally involved in the failure to protect him.

AND NOW, this 16th day of May, 2006;

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter is adopted as the opinion of this Court.

In addition to the Report and Recommendation, IT IS FURTHER ORDERED that Plaintiff's motion to amend the complaint [Document # 39] is denied as futile.

S/ Sean J. McLaughlin
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE
