IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4B
WHITE DEER, PA. 17887

        PLAINTIFF,      CIVIL ACTION NO. 1:04-CV-00257
                              DISTRICT COURT JUDGE McLaughlin
Vs.                           DISTRICT COURT MAGISTRATE JUDGE
                              Baxter Residing:

UNITED STATES OF AMERICA
AND THE UNITED STATES ATTORNEY
GENERAL
        DEFENDANT,

PLAINTIFF'S MOTION FOR RECONSIDERATION
PURSUANT TO FED. R. CIV. P. 60 (b)(6)
RELIEF FROM MEMORANDUM JUDGMENT ORDER

      On May 9th, 2006, plaintiff responded to the Magistrate's report and recommendations of April 28th, 2006. The Magistrate ordered objections by plaintiff due by May 15th, 2006, to the report and recommendations.

      On May 16th, 2006, the United States District Court Judge the Honorable McLaughlin adopted the Magistrate's report and recommendations, where which granting the defendant's motion to dismiss pursuant to summary judgment.

      Plaintiff motion the District Court to reconsider its Memorandum Order of May 16th, 2006, pursuant to Fed. R. Civ. P. 60 (b)(6), for relief from the District Court's memorandum order <u>supra</u>.

I. <u>PROCEDURAL HISTORICAL REVIEW:</u>

Plaintiff filed a Federal Tort Claim against the United States Of America, on September 13th, 2004, but described that the Federal prison employees failed to protect plaintiff against fellow inmate Eric Drayton, who on August 29th, 2003, with malice intentions, with a malicious state of mind, and with threatening intent, did assault with excruiciating force, did act, by throwing a boiling hot liquid with a chemical mixture base, caused plaintiff to be injured and damaged to plaintiff's body, plaintiff's face, eyes, shoulders, hair, and causing plaintiff to be mentally-psychosis. Such damages and injuries physically and mentally is permanent in nature and irreversible.

Before plaintiff suffered with such damages and injuries, plaintiff went to the available correctional staff of F.C.I. McKean, Case Counselor G Buck, Unit Manager Kinervator, S.I.S. Lieutenant, and Psychologist Dr. Rianheart, between 1:00pm November 12th, 2002, thru August 29th, 2003.

These correctional staff members ignored the safety and welfare of its charge. It is the duty of the Federal Bureau Of Prisons under the direction of the Attorney General, SHALL_____:

> (a)(1) have charge of the management and regulation of all Federal penal and correctional institutions;
>
> (2) provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> (3) provide for the protection, instruction and discipline of all persons charged with or convicted of offenses against the United States;
>
> (4) provide technical assistance to State and local governments in the improvement of their correctional systems; and
>
> (5) provide notice of release of prisoners in accordance with subsections (b) and (c).

Although the Courts had for years decline to interfere with prison procedures, the Courts must take an activist judicial tone and take recognition of the importance of plaintiff's rights at stale in the F.C.I. McKean prison environment.

The District Court must give consideration to plaintiff's arbitrary prison environment or the procedures which unduly deprives plaintiff of the right to be sake-in-wellfare, and secure against deliberate indifference requirements, as to race, origin, or otherwise.

The District Court must consider its affirmative impact on laying down requirements or judicial action on the part of plaintiff when plaintiff can-not be protected in the F.C.I. McKean prison environment.

The District Court must consider what went wrong by the Bureau Of Prisons considerable authority in looking into the managing or management of F.C.I. McKean, that plaintiff can plead for help and that plead can be disregarded or ignored, and plaintiff can be raped, have a chemical mixture thrown on his body that caused a melt-down to plaintiff's flesh, face, shoulders, hair and at the same time cause plaintiff permanant physical injuries and damages, and cuase plaintiff to suffer mental-psychosis for the rest of his life.

By virtue of title 18 U.S.C.S. §4001 (b)(1)(2) and §4042 (a), the care, custody, control, treatment and discipline of all Federal prisons is vested in the Attorney General or his authorized delegate.

Plaintiff civil action complaint claims violations of a Constitutional and statutory rights, and plaintiff requests consideration review by the District Court for the wrongful actions done by the United States Attorney General or His Delegate, such as the prison officials at F.C.I. McKean or the Federal Bureau Of Prisons.

II. CONSIDERATION REVIEW DE NOVO:

The District Court must examine whether plaintiff shall be safely left with such supervision that was so minimal that plaintiff constitutional rights are violated. The District Court must examine whether plaintiff took the proper steps in exhausting his

administrative remedies or did the best he could to grievance his constitutional rights violations to the defendant that cause the violations in the first place, and to present his claims effectively in a dementia state of mind from the shock-to-the-conscienceness as to what took place with this plaintiff, and even though plaintiff did survive with his life, the life that plaintiff now lives will never be the same. With plaintiff's exceptional degree of constitutional violations as to the management of F.C.I. McKean, the District Court must grant plaintiff civil action complaint to amend the defendant so stated as the proper party, the Attorney General and his Delegate F.C.I. McKean.

In administration of Federal prisoners, primary responibility for supervision is delegated by statute to the Federal Bureau Of Prisons under the direction of the UNited States Attorney General. Under the United States Attorney General's authority, the Bureau Of Prisons has promulgated rules and regulations for proper administration of various prisons and has established effective means to review actions taken by local prison officials, and in the line with these regulations, grievances and administrative remedies are presented to the Bureau through available administrative channels, and only after such remedies are exausted will the District Court entertain plaintiff's civil action complaint for relief where the defendant breached duties owed to plaintiff as to established legal norms, and that the United States Of America is liable under the rule of liablity.

F.C.I. McKean employees have invoked qualified immunity, to the District court from its Federal program statement No. 3420.5, where which is a regulation that defines responsiveness, 6.2 (b):

> "Because failure to respond to an emergency may jeopardize security to the institution as well as the lives of staff or inmates, it is mandatory that employees respond immediately and effectively to all emergency situations".

The Federal Personnel manual, defines that each employee has a positive duty to acquait himself with each statute that re-

lates to his ethical and other conduct as an employee of this agency of the Federal Government, and to follow statutory provisions.

On November 6th, 2003, plaintiff filed a BP-8 with the informal resolution team about the conduct of Eric Drayton.

On December 24th, 2003, plaintiff filed a BP-9 with the institutional Warden about the conduct of Eric Drayton.

On march 25th, 2004, plaintiff filed a BP-10 with the Regional Director about the conduct of Eric Drayton.

On July 28th, 2004, plaintiff filed a BP-11 with the United States Attorney General's Office about the conduct of Eric Drayton.

This was done in compliance with title 42 U.S.C.S. § 1997e(a)(b). The United States Attorney General had been informed, the statutory law title 28 U.S.C. §503 (2002) edition provides that the United States attorney General can be sued as so defined: Public Law 93-178, § 2 (a), Dec. 10th, 1973, 87 Stat. 697; Provides that;

> "any person aggrieved by an action of the Attorney General may bring a civil action in the apropriate District Court to contest the Constitutionality of the appointment and continuance in office of the Attorney General on the grounds that such appointment and continuance in office is in violation of article 1, section 6, clause 2 of the Constitution." "The District Courts Shall have exclusive jurisdiction, without regard to the sum or value of the matter in controversy, to determine the validity of such appointment and continuance in office."

Such civil action may be taken against the United States Attorney General's appointment.

In this case plaintiff invokes the following statutes, 28 U.S.C. § 514, "legal services on pending claims in departments and agencies", he Shall notify the Attorney General, giving all the facts necessary to enable him to furnish proper professional service in attending the examination or making the investigation

-5-

and the Attorney General Shall provide for the service. Quoting Public Law 89-554, § 4(c), Sept. 6th, 1966, 80 Stat. 613.

§ 516;"Conduct of litigation reserved to Department Of Justice"; Except as otherwise authorized by law, the conduct of litigation in which the United States, An Agency, or Officer thereof is a party, or is Interested, and securing evidence thereof, is reserved to Officers of the Department Of Justice, under the Direction of the Attorney General".

§ 517; "Interests Of United States in pending suits".

§ 518 (b); "Conduct and argument of cases"; When the Attorney General considers it in the interests of the United States, he may personally conduct and argue any case in a Court of the United states in which the United States is interested, or he may direct the Solicitor General or any officer of the Department Of justice.

Title 18 U.S.C.S. §4001 (b)(1) defines that control and management of Federal penal and correctional institutions, Shall be vested in the Attorney General, who Shall promulgate rules for the government thereof.

The Attorney General have control and management of F.C.I. McKean pursuant to title 18 U.S.C.S. § 4001 (b)(1), and if his employees invoke Qualified immunity after violating Federal program Statement No. 3420.5, 6.2 (b), the Attorney General Shall take the blame in accordance to statutory law under title 18 U.S.C. § 503, § 514, § 516, § 517, and 518 (b).

Even still, the United States Of America knew or should have known through the Attorney General that plaintiff was being deprived of his constitutional rights to be safe and protected, well-being, from cruel and unusual treatment because the Attorney General's employees wish to invoke qualified immunity after voilating Program Statement No. 3420.5, 6.2 (b)

After careful consideration on the part of the district Court, the District Court may move to grant plaintiff's motion pursuant to Fed. R. Civ. P. 60 (b)(6), because the this case warranted the District Court's recall of its May 16th, 2006 memorandun order.

      Plaintiff further amend this civil action complaint against the United States Of America pursuant to Fed. R. Civ. P. § 1331, and § 1346, because the United States Attorney General knew or should have known or fail to act even with constructive knowledge pursuant to the grievance procedure or administrative remedy act of title 42 U.S.C.S. § 1997e.

                                  RESPECTFULLY SUBMITTED,

                                  SADRICK DONALDSON
                                  REG. NO. 20102-018
                                  F.C.I. ALLENWOOD MEDIUM
                                  P. O. BOX 2000
                                  WHITE DEER, PENNSYLVANIA 17887

## CERTIFICATE OF SERVICE

OFFICE OF THE UNITED STATES ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
320 FIRST STREET N. W.
WASHINGTON, D. C. 20534

UNITED STATES ATTORNEY'S OFFICE
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
700 GRANT STREET, SUITE 400
PITTSBURGH, PENNSYLVANIA 15219

CLERK OF THE DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE WESYERN DISTRICT OF PENNSYLVANIA
FEDERAL BUILDING AND U. S. COURTHOUSE
617 STATE STREET
ERIC, PENNSYLVANIA 16501

ON THIS 5th, DAY, OF JUNE, 2006.

*(signed)* Sadrick Donaldson 20102-018 Pro Se
SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4B
WHITE DEER, PENNSYLVANIA 17887