IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4A
WHITE DEER, PENNSYLVANIA 17887

          PLAINTIFF,   CIVIL ACTION NO. 1:04-CV-00257
          DISTRICT COURT JUDGE McLaughlin
Vs.   DISTRICT COURT MAGISTRATE JUDGE
          Baxter residing:

UNITED STATES OF AMERICA,
AND THE UNITED STATES ATTORNEY
GENERAL,
          DEFENDANT,

<u>PLAINTIFF'S MEMORANDUM OF POINTS AND</u>
<u>AUTHORITIES IN SUPPORT OF PLAINTIFF'S</u>
<u>MOTION FOR RECONSIDERATION PURSUANT</u>
<u>TO FED. R. CIV. P. 60 (b)(6), RELIEF</u>
<u>MEMORANDUM JUDGMENT ORDER OF 5/16/06</u>

I. PROCEDURAL HISTORICAL REVIEW:

    Plaintiff filed a Federal Tort Claim against the United States Of America, on September 13th, 2004, but mistakenly described that the federal prison employees at F.C.I. McKean should be held liable for not protecting plaintiff against a fellow inmate, by the name of Eric Drayton, who on August 29th, 2003, with malice intentions, and a malicious state of mind, did threat, and carried out that threat by assaulting plaintiff with a chemical mixture, that was boiled to the point that plaintiff skin melted on plaintiff's face, eye tissue was damaged and injured, both shoulders, and plaintiff's scalp.
    Such damages and injuries are permanant and irreversible. The attack was with such a magnitude that plaintiff is still suffering with severe mental psychosis that will remain with plaintiff for the remainder of plaintiff's life.
    If the United states or the United States Attorney General is

going to releave its employees from negligence and granting them qualified immunity, than these same employees can willfully ignore policy, rules, regulations-program statement 3420.5, 6.2, where which defines that "because failure to respond to an emergency may jeopardize security to the institution as well as the lives of staff or inmates, it is mandatory that employees respond imediately and effectively to all emergency situations", and the law where which title 18 U.S.C.S § 4042 (a)(1) thru (a)(4), defines that the Attorney General (SHALL) have charge of the management and regulation 3420.5, 6.2, of all Federal penal institutions, and to provide for the safekeeping, care and subsistence of all persons charged with crimes against the United States, and to provide for the (PROTECTION) and instruction of these same persons.

The fifth Amendment of the United states Constitution clearly defines that plaintiff, "nor be deprived of life, liberty or property without due process of law. For the United states to give its employees a privilege grant of qualified immunity to violate the constitution, would surely lead to another violating such deliberate indifference or cruel and unusual treatment such as what happen in this case. Plaintiff alleged cognizable claims of omissions on the part of the United States or Attorney General's employees. The United States or the Attorney knew or should have known from past hundreds if not thousands of past complaints of violations of prisoners' rights.

Plaintiff sort to amend his civil action complaint May 9th, 2006, in opposition to the Magistrate's report and recommendation to dismiss April 28th, 2006.

Plaintiff's amendment may not be dismissed especially since plaintiff now can prove the set of facts needed against the United States or the United States Attorney General. See Haines v. Kerner, 404 U.S. 519-521, 30 L Ed. 2d 652, where the Supreme Court ruled to reinstates that civil action complaint because the proper parties had not responded.

Plaintiff made and amendment allegation against the United States and the United States Attorney General, even though the statement of facts were inartfully pleaded, the Magistrate Judge and the District Court Judge should have held plaintiff's amendment pleadings to less stringent litigation standards than that formally pleaded by a lawyer's draft alone. The District Court should at least gave plaintiff the opportunity to prove those set of fact against the defendant the United States or the United states Atorney General. See Conley v. Gibson, 355 U.S. 41, 45-46, 2 L Ed. 2d 80; and Wolff v. McDonnell, 418 U.S. 539, 555-572, 41 L Ed. 2d 395. (1972).
(1973).

## II. CONSIDERATION REVIEW DE NOVO:

The United States or the United States Attorney General can be held liable for the actions or omissions of it employees. The United States Attorney General is the policy maker for the United States Of America. Title 28 U.S.C. § 1331 and § 1346, is the judicial jurisdiction to challenge the Constitutionality of laws or regulations that deprive a person of their the constitutional rights under the fifth and eighth amendments.

Title 28 U.S.C. § 510, give the indication that the Attorney General "may from time to time make such previsions as he considers appropriate authorizing the performance by any other officer (EMPLOYEE) or (AGENCY) of the department of justice of any function of the Attorney General.

Title 28 U.S.C. §514 is always omitted from the legal services on pending claims in the department of justice, as well as other agencies such as the Bureau Of Prisons. When the heads of an executive department or agency is of the opinion that the interests of the <u>United States</u> require the service of counsel on the examination of any witness concerning any claims, or on the legal investigation of any claim, pending in the department or agency, he Shall NOTIFY the Attorney General, giving all facts necessary to enable

him to furnish proper professional service in attending the examination or making the investigation, and the attorney General Shall provide for the service.

Title 28 U.S.C. § 516 provide for the conduct of litigation reserved to Department Of justice. Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence thereof, is reserved to officers of the Department Of Justice, under the dirction of the Attorney General.

Title 28 U.S.C. § 518, provides that the Attorney General conduct and argument of cases, (a) "Except when the Attorney General in a particular case directs otherwise, the Attorney General and the Solicitor General SHALL conduct and argue suits"....

Title 28 U.S.C. § 519, provides for the Supervision of litigation. Except as otherwise authorized by law, the Attorney General SHALL supervise (ALL LITIGATION) to which the United States, an agency, or Officer thereof is a part, and SHALL direct all United States Attorneys, assistant United States attorneys, and special Attorneys appointed under section § 543 of this title in the discharge of their respective duties.

    The Attorney General knew or should known through all the data information that was submitted by the United States through their production of documents, their admissions as to chain of events, and their interrogatories request, that was submitted by plaintiff and their response thereto. Over (55 pages of documents), submitted as exhibits from A thru J that United States knew of or should have known of.

    The United States have in place an case management information and tracking system(s) for Federal Judicial District(s) and Division(s) of Department, Preparation, Submission, Etc., of plan. See Pub. Law 96-132, § 11, Nov. 30th, 1979, 93 Stat. 1047; Submitted to the Attorney General for a plan as to activation and coordination within the Federal Judicial District(s) and Division(s) of the Department.

The District Court must evaluate the scope and purpose of why nothing was done when plaintiff raised his claim that he was being threaten, assaulted sexually and bodily harmed.

The Attorney General was notified through the grievance procedure act or administrative remedy procedure act, title 42 U.S.C.S. §1997e (a) and (e). Under the administrative procedure act the United States can not insulate itself from liability for unconstitutional violations that have accurred to plaintiff.

The District Court makes it very clear that "plaintiff's FTCA claim against the United States was precluded by the discretionary function exception", and that the "matter be dismissed due to lack of subject matter jusisdiction." The memorandum order gives rise to that both the employees and the United States an (italicise) usage, or (italicise) customs where which unconstitutional violations can accur but "just don't let Me know" about it". The District Court is required to reinstate the civil action complaint as amended and let plaintiff prove his set of facts and present evidences against the defendant, the United States. See Adickes v. Kress & CO., 398 U.S. 144, 153-161, 163-165, 26 L Ed. 2d 142, 90 S. Ct. 1598 (1970).

Qualified immunity shields United States employees performing discretionary functions from liability for civil damages unless their conduct violates clearly esstablished statutory or Constitutional rights of which a reasonable persson would have KNOWN, and thus protects the United States employees from liability for good faith misjudgments and mistakes. Civil Rights 214 (2)

Mental State is relevant when it is an element of alleged Constitutional violations  Civil Rights 214 (2)

Resolving the issue of qualified immunity involves a two step inquiry by the District Court, first, the District Court must ask itself whether, and taking in the light most favorable to the party asserting the injury, the facts alleged show that Eric Drayton have a history of assaulted behavior, and plaintiff have a history of being sexually assaulted or attempted sexually assaulted (1/5/2003).

The United States knew or should have known that plaintiff is gay, that is programmed in plaintiff's files and records, the conduct of both the employees for the United States is that they don't

get protected, safety is disregarded, and the well-being of a homo-
sexual is of no-concern of both the McKean F.C.I. employees or the
United States. Both of their conduct is in violation of their regu-
lations and the Constitution and plaintiff's rights under the constit-
ution, deliberate indifference. Employees of the United States may
very well be granted qualified immunity, but such a negative answer
will not end the analysis concerning the United States, especilly
where which constitutional violations has occurred, and the United
States have in place an case monitor management information and trac-
king system(s) for Federal Judicial District(s) and Division(s) of
Departments, Monitoring-Preparations, and Submission data, Etc., and
a planning system. See Public Law 96-132, § 11, Nov. 30th, 1979, 93
Stat. 1047, submitted to the United States Attorney General April 28-
th, 1979. See Hamilton v. Leavy, 117 F. 3d 742, 747 (3rd Cir. 1997);
and Siegert v. Gilley, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114
L. Ed. 2d 277 (1991).

   The District Court in this Circuit has ruled that administrat-
ive remedy exhaustion is a claim within it-self. There is a Depart-
ment of Justice and Federal Bureau Of Prisons hand-book that invali-
date 28 C.F.R. § 542 16 (b), that imposes a regulatory duty on the
warden of F.C.I. McKean to INSURE that assistance is available for
plaintiff, that did not happen because of the hand-book that makes a
disciplinary action to have inmates help other inmate or be in posse-
ssion of another inmates legal papers, even if that inmate concents.
See also 28 C.F.R. § 542 16 (a), that provide for plaintiff to re-
ceive outside legal assistance in filing the grievance, again, that
never happen because there is no regulation reference established in
the Federal Bureau Of Prisons that give this plaintiff to that kind
of access legal assistance on the outside of F.C.I. McKean.

III. <u>FINALITY AND CONCLUSION FOR THE DISTRICT COURT TO CONSIDER:</u>

   Plaintiff should be given the right to establish all claims,
facts, and evidences so stated against the captioned defendant, the
United States.
   To Show that the United States had knowledge of plaintiff's
substantial risk of being sexually assaulted, injuried, damaged, and

-6-

suffer emotionally, mentally and psychologically.  Plaintiff can show that United States had requisite knowledge of plaintiff's well documented pervasive constitutional claims under the Fifth and Eighth Amendments through the title 42 U.S.C.S. § 1997e (a)(c)(e).

The District Court may consider that the United States was approached through plaintiff's grievance to the General Counsel's Office Of The Attorney General, where which is the Central Office located in the Department Of Justice Federal Bureau Of Prisons. See 28 C.F.R. § 542 18, where the United States is fortold of plaintiff's wanton inflictions of pain, suffering, injuries, damages and unnecessary psychological pain and suffering.

The question that the District Court must consider, the United States duty to take reasonable measures to protect plaintiff from inmates like Eric Drayton, and his violent intent or cations that the United States was fore-warned of.  See Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). See also Attorney General's monitoring preparation and submission data bank Sytems and Divisions connected to all Departments and Agencies, to monitor management, to monitor INFORMATION and most importantt is, the monitor TRACKING SYSTEM.  Public Law 96-132, § 11, Nov. 30th, 1979, 93 Stat. 1047.

The United States knew or should have known that plaintiff was in preparation of being assaulted by another inmate because the data recorded from November 12th, 2002 to July 28th, 2004, was monitored and trackable through the information system and data management montioring system, and the submission of that information to the United States.

## CONCLUSION

This civil action complaint should be reinstated, and plaintiff should be given the right to litigate his constitutional claims against the proper defendant the United States and prove all set of facts and to present evidences in support of each and every claim, made against the United States.

RESPECTFULLY SUBMITTED.

*[signature]* 20102-018

SADRICK DONALDSON PRO SE
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, Building 4B
WHITE DEER, PENNSYLVANIA 17887

## CERTIFICATE OF SERVICE

OFFICE OF THE UNITED SATATES ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
320 FIRST STREET N. W.
WASHINGTON, D. C. 20534

UNITED STATES ATTORNEY'S OFFICE
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
700 GRANT STREET, SUITE 400
PITTSBURGH, PENNSYLVANIA 15219

CLREK OF THE DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
FEDERAL BUILDING AND U.S. COURTHOUSE
617 STATE STREET
ERIC, PENNSYLVANIA 16501

APPELLATE DIVISION CIVIL BRANCH
IN THE UNITED STATES COURT OF APPEALS
601 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19106

ON THIS 5th DAY, OF JUNE, 2006.

_Sadrick Donaldson_  26102-018  Pro se
SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4A
WHITE DEER, PENNSYLVANIA 17887

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4A
WHITE DEER, PA. 17887

      PLAINTIFF,   CIVIL ACTION NO. 1:04-CV-00257
             DISTRICT COURT JUDGE McLaughlin
Vs.            DISTRICT COURT MAGISTRATE JUDGE
             Baxter residing:
UNITED STATES OF AMERICA,
AND THE UNITED STATES ATTORNEY
GENERAL,

      DEFENDANT,

## PLAINTIFF'S MOTION FOR NOTICE OF APPEAL PURSUANT TO FED. R. APP. P. 4 (a) From THE DISTRICT COURT'S FINAL MEMORANDUM ORDER OF MAY 16TH, 2006

   On May 19th, 2006, plaintiff received the United States District Court's final memorandum order of May 16th, 2006, dismissing plaintiff's civil action complaint no. 1:04-CV-00257, before the District Court Magistrate Judge Baxter, report and recommendation to dismiss April 28th, 2006, and the District Court Judge McLaughlin adopting the Magistrate Judge report and recommendation to dismiss.
   With plaintiff's notice of appeal, is plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 60 (b)(6) to reinstate plaintiff's civil action complaint for good cause shown,  / /2006.

                RESPECTFULLY SUBMITTED,

                SADRICK DONALDSON
                REG. NO. 20102-018

<u>CERTIFICATE OF SERVICE</u>

<u>NOTICE OF APPEAL BY PLAINTIFF</u>

OFFICE OF THE UNITED STATES ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
320 FIRST STREET N. W.
WASHINGTON, D. C. 20534

UNITED STATES ATTORNEY'S OFFICE
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
700 GRANT STREET, SUITE 400
PITTSBURGH, PENNSYLVANIA 15219

CLERK OF THE DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
FEDERAL BUILDING AND U. S. COURTHUOSE
617 STATE STREET
ERIC, PENNSYLVANIA 16501

APPELLATE DIVISION CIVIL BRANCH
IN THE UNITED STATES COURT OF APPEALS
601 MARKET STREET
PHILADELPHIA, PENNSYLVANIA 19106

ON THIS 5th, DAY OF June, 2006.

Sadrick Donaldson 20102-018  Pro Se
SADRICK DONALDSON
REG. NO. 20102-018
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000, BUILDING 4A
WHITE DEER, PENNSYLVANIA 17887