NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3265
_____

SADRICK DONALDSON,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. No. 04-cv-00257E
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

Before: SMITH, HARDIMAN and NYGAARD , *Circuit Judges*.

(Filed: June 2, 2008)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Sadrick Donaldson appeals from an order of the District Court that: (1) adopted the Magistrate Judge's Report and Recommendation (R&R) that his claim be dismissed under the Federal Tort Claims Act (FTCA) and (2) denied his motion to amend the complaint to sue the Attorney General of the United States. We will affirm.

I.

Because we write for the parties, we recount only those facts essential to our decision.

While incarcerated at FCI-McKean, Donaldson felt threatened by a fellow inmate and former paramour, Eric Drayton. In November 2002, Donaldson expressed his concern to prison officials and was placed in the Special Housing Unit at his request. After investigating the alleged threat and concluding that there was no credible evidence of any threat to Donaldson's safety, prison officials returned him to the general population in February 2003. Six months later, Drayton walked into a classroom and threw a hot mixture of pepper and baby oil into Donaldson's face, causing him first and second degree burns to his eyes, face, scalp, and shoulders.

Donaldson first argues that the District Court erred when it adopted the Magistrate Judge's recommendation that his FTCA claim should be dismissed pursuant to the discretionary function exception to the FTCA's waiver of sovereign immunity. The R&R specifically advised Donaldson that he had ten days to file objections, and that failure to

do so "may constitute a waiver of any appellate rights." Although Donaldson failed to object, he "has not waived [his] right to object in this court to the legal conclusions contained therein." *See United Steelworkers of Am. v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1006 (3d Cir. 1987). Instead, he has waived his right to plenary review of the District Court's order and we will review for plain error. *See Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007).[1]

To ascertain the applicability of the discretionary function exception, we first determine whether the challenged conduct involves an "element of judgment or choice." *See Mitchell v. United States*, 225 F.3d 361, 363 (3d Cir. 2000). If it does, we then consider "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* (citations omitted).

"Before we can make the two-part . . . inquiry to determine whether the discretionary function exception immunizes the Government from a suit based on its conduct, we must identify the conduct at issue." *Merando v. United States,* 517 F.3d 160, 165 (3d Cir. 2008). Here, Donaldson alleges that the Bureau of Prisons (BOP) "repeatedly ignored his reports of sexual harassment and threats of violence" and failed to protect him from Eric Drayton.

---

[1] Donaldson insists that we may apply whatever standard of review we wish pursuant to *Leyva v. Williams,* 504 F.3d 357, 364 (3d Cir. 2007). *Leyva* is inapposite because the *pro se* litigant in that case was not notified, as Donaldson was, that he would lose appellate rights if he failed to object to the R&R.

3

"Now that we have identified the Government's conduct at issue in this case, we determine whether the discretionary function exception immunizes it from a lawsuit based on that conduct." *Id.* at 168. This inquiry requires us to "decide whether a statute, regulation, or policy required" the BOP to protect Donaldson "in any specific manner, or whether the Government's actions were discretionary because they involved an element of judgment or choice." *Id.* (citation and internal quotation marks omitted).

Here, the conduct at issue was governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. *See* 18 U.S.C. § 4042(a)(2), (3). The District Court correctly determined that this statute leaves the implementation of these duties to the discretion of BOP officials. Additionally, various federal regulations require the BOP to "control inmate behavior" and "take disciplinary action" when necessary, but they leave it to the BOP's discretion as to how to accomplish those goals. *See* 28 C.F.R. § 541.10(a); *see also* 28 C.F.R. § 541.22(a) (providing that the BOP "may" remove an inmate from the general population for safety reasons). No federal statute, regulation, or policy required the BOP to take a particular course of action to ensure Donaldson's safety from attacks by other inmates, including Drayton. Therefore, the first step of the *Mitchell* analysis is satisfied. *See Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) (explaining that "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary

function exception."). *Accord Ashford v. United States,* 511 F.3d 501, 505 (5th Cir. 2007); *Montez ex rel. Estate of Hearlson v. United States,* 359 F.3d 392, 396-98 (6th Cir. 2004); *Santana-Rosa v. United States*, 335 F.3d 39, 43-44 (1st Cir. 2003); *Dykstra v. United States Bureau of Prisons*, 140 F.3d 791, 795-96 (8th Cir. 1998); *Calderon v. United States*, 123 F.3d 947, 948-50 (7th Cir. 1997).

Turning to the second prong of the *Mitchell* test, we conclude that the judgment involved in this case — *i.e.*, how best to protect one inmate from the threat of attack by another — "is of the kind that the discretionary function exception was designed to shield." *Mitchell*, 225 F.3d at 363. Prison administrators should be afforded wide-ranging deference in implementing and executing their policies because their discretion is needed to preserve internal discipline and maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). Supreme Court authority underscores the principle that prison officials have discretionary power over the safety of the institutions they operate. *See Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *see also Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Likewise, courts of appeals have applied the discretionary function exception to bar an inmate's claims for injuries he received while incarcerated. *See Calderon*, 123 F.3d at 948, 951 (discretionary function exception barred FTCA claim despite evidence that BOP officials knew of the threat to inmate and took *no steps* to protect him); *Cohen*, 151 F.3d at 1344 (discretionary function exception shielded the BOP from FTCA

liability, where an inmate that the BOP had misclassified attacked and injured the plaintiff); *Alfrey v. United States*, 276 F.3d 557, 565 (9th Cir. 2002) (where BOP officials' decision not to relocate an inmate in the face of death threats from his cellmate resulted in the inmate's death, "what steps to take in response to a reported threat" required correctional officers to "set priorities among all extant risks: the risks presented by the reported threat, along with the other risks that inevitably arise in a prison," all of which "implicate social and public-policy considerations."). In accordance with these authorities, we find that the BOP's decisions about how to protect Donaldson from Drayton are the kinds of judgments that the discretionary function exception was designed to protect.[2]

For the foregoing reasons, we find that the District Court did not err in holding that the discretionary function exception to the FTCA shields the United States from liability in this case.

## II.

Donaldson next argues that the Magistrate Judge erred in denying him leave to amend his complaint to add sixteen BOP employees as defendants because they "violated

---

[2] We also reject Donaldson's contention that the use of prison officials' individual judgments as to how the Drayton threat should have been handled removed their decisions from the sphere of public policy. *See Alfrey*, 276 F.3d at 566 (finding that, although BOP officials' decisions involved professional judgment, "that fact alone does not remove the decisions from the realm of policy-based judgments"); *see also Calderon*, 123 F.3d at 950-51 (observing that even ordinary "day to day" decisions by BOP officials involve "considerations of public policy").

[his] Constitutional Rights." That issue, however, is not before this Court because Donaldson failed to appeal the Magistrate Judge's February 24, 2005 Order denying him leave to amend. Instead, Donaldson only appealed the District Court's May 16, 2006 Order which dismissed his FTCA claim and denied his motion to amend the complaint to add the Attorney General of the United States.

Donaldson does not argue on appeal that the District Court erred in denying him leave to bring a claim against the Attorney General. Had he done so, we would affirm for the same reason as the District Court.

For all of the foregoing reasons, we will affirm the judgment of the District Court.